CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 16-9532          DIVISION " A/15          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____

_____
DEPUTY CLERK

PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff, Thinkstream Acquisition, LLC ("Thinkstream LLC"), for its claim against defendant First NBC Bank ("First NBC"), avers as follows:

1.

Plaintiff, Thinkstream LLC, is a Louisiana limited liability company with its registered office in the Parish of East Baton Rouge, State of Louisiana.

2.

Made defendant herein is First NBC Bank, a Louisiana state-chartered bank with its registered office in the Parish of Orleans, State of Louisiana.

3.

Venue is proper in this Court pursuant to Articles 42 and 76.1 of the Louisiana Code of Civil Procedure in that the defendant's registered office is in Orleans Parish and that Orleans Parish is the place of execution of the Loan Document Purchase Agreement described hereinbelow.

4.

Defendant First NBC has failed and refused to live up to its obligations under written agreements it entered into with Thinkstream LLC and has breached fiduciary

duties First NBC assumed pursuant to those agreements. First NBC's breaches of contract and fiduciary duties have damaged Thinkstream LLC. Thinkstream LLC seeks a judgment declaring that First NBC must comply with the written agreements and awarding damages to Thinkstream LLC for the bank's breaches of contract and fiduciary duties.

5.

Beginning in or about 2010, First NBC made a series of loans to a corporation known as Thinkstream Incorporated ("Thinkstream INC"). First NBC also made loans to Barry L Bellue, Sr., who was Thinkstream INC's President and majority shareholder.

6.

Thinkstream INC was in the business of providing software and support services to law enforcement agencies.

7.

On information and belief, First NBC kept lending more and more money to Thinkstream INC and Bellue, even though both he and the corporation were in default on existing loans and were insolvent. On information and belief, First NBC, knowing that Thinkstream INC was insolvent, and in default on the existing loans, artificially kept the loans "current" by continuing to advance funds under the loans to pay itself interest as it became due.

8.

On May 11, 2015, Thinkstream INC was placed in involuntary bankruptcy, and a Chapter 11 trustee was appointed to manage its affairs.

9.

First NBC's loans to Thinkstream INC and Bellue were all in default, and First NBC wanted to find a way to sell off the loans.

10.

Plaintiff, Thinkstream LLC, was formed by investors who were interested in purchasing some or all of the assets of Thinkstream INC.

11.

In December 2015, Thinkstream LLC purchased from First NBC the bank's non-performing loans to Thinkstream INC that had by that time ballooned to more than $4.9 million.

12.

Pursuant to a Loan Document Purchase Agreement dated as of December 15, 2015 ("Purchase Agreement") between First NBC, as Seller, and Thinkstream LLC, as Purchaser, Thinkstream LLC purchased all of the "Loan Documents" identified on Exhibit A to the Purchase Agreement, to wit:

(1)     Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the " 2013 Note");

(2)     Commercial Security Agreement dated March 22, 2013, executed by Thinkstream Incorporated in favor of First NBC;

(3)     Uniform Commercial Code filings executed by Thinkstream Incorporated in favor of First NBC;

(4)     Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC;

(5)     Any and all mortgages on real property granted as security for indebtedness conveyed to Thinkstream LLC;

(6)     Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC;

(7)     The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

3

13.

The 2013 Note, the Bankruptcy Note, and these Loan Documents represented the obligations of Thinkstream INC to First NBC and the Purchase Agreement conveyed all of the collateral and guaranties held by First NBC as security for the 2013 Note and the Bankruptcy Note.

14.

In fact, pursuant to Section 2.1 of the Purchase Agreement, First NBC sold and Thinkstream LLC purchased not just the Loan Documents but "all of the rights, guaranties, collateral and security with respect thereto."

15.

In consideration for the purchase of the 2013 Note, the Bankruptcy Note, the other Loan Documents, and all of the security therefor, Thinkstream LLC paid the "Purchase Price" by executing and delivering a promissory note payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015 ("Thinkstream LLC Note"), with a term of 15 years and payable interest-only for the first 12 months. (The Thinkstream LLC Note is sometimes referred to in the Purchase Agreement as one of the "New Loan Documents").

16.

In negotiations leading to the execution of the Purchase Agreement, First NBC represented that it believed that there was sufficient collateral to satisfy the entire loan to Thinkstream INC from the foreclosure of the collateral supporting it. Accordingly, First NBC agreed that the Thinkstream LLC debt to First NBC would have two components: first, a "nonrecourse" amount of $2,928,603.00 that would be paid solely out the liquidation of the collateral; and, second, a "recourse" amount of $2,000,000.00 that would be the only obligation burdening Thinkstream LLC or the guarantors, should there

be insufficient funds derived from the liquidation of the collateral to at least cover the $2,000,000.00 "recourse" amount.  First NBC further agreed that any sums collected as a result of the foreclosure of collateral securing the loans purchased by Thinkstream LLC would be first used to pay down the "recourse" amount and any amounts exceeding said sum would be applied to the "non recourse" amount. Accordingly, the Purchase Agreement expressly limits Thinkstream LLC's loan repayment obligations as the borrower under the Thinkstream LLC Note and as the Purchaser of the 2013 Note, the Bankruptcy Note, and Loan Documents. It provides that First NBC's recourse against Thinkstream LLC, as Purchaser and borrower, is (emphasis added):

> . . . limited to the sum of $2,000,000.00, and non-recourse to the Purchaser after payments of principal and interest and fees in the aggregate of $2,000,000.00 have been made to the Seller ("Recourse Amount").

17.

The Thinkstream LLC Note further provides that (emphasis added):

> 13.   Nonrecourse.   Notwithstanding anything to the contrary in this Note or any of the other New Loan Documents, except as specifically provided in this Section, neither Maker nor any member or manager of Maker shall be personally liable for the payment of any sums due hereunder or the performance of any obligations of Maker hereunder, any guarantor hereof, or under any other New Loan Documents except to the extent of $2,000,000.00, and the obligations with respect to this Note or of any of the other New Loan Documents, or under any guaranty of the Note, shall be non-recourse to the Maker and any guarantor of the Note after payments of principal and interest and fees due with respect to the Note and/or New Loan Documents in the aggregate of $2,000,000.00 have been made to the Holder ("Recourse Amount").

18.

As a condition of the acquisition and as provided in the Purchase Agreement, Thinkstream LLC also delivered to First NBC an additional $500,000.00 cash to be placed into an escrow account ("Escrow Account") at First NBC pursuant to a Debt Service Reserve Escrow Agreement ("Escrow Agreement") between the parties, also dated as of December 15, 2015, whereby First NBC was appointed as "Escrow Holder." This $500,000.00 was to be used to pay interest on the Thinkstream LLC Note under the

New Loan Documents until such time as the Thinkstream Note was satisfied from foreclosure of the collateral securing the Loans purchased by Thinkstream LLC, which foreclosure proceedings were to be initiated by First NBC, as Thinkstream LLC's agent at the earliest possible time.

19.

The Escrow Agreement provides that:

Escrow Holder shall make advances of Escrow Funds from time to time to pay the costs actually incurred by Borrower for Debt Service, all subject to the terms and conditions of this Agreement. Disbursements of Escrow Funds shall be made, provided and only so long as, (i) there are sufficient undisbursed funds in the Escrow Account, and (ii) an Event of Default (nor any event or condition which with the giving of notice or the passage of time, or both, would constitute an Event of Default) shall not have occurred and be continuing under the Transaction Documents. As used herein, the term "Event of Default" shall have the meaning ascribed to it in the Note.

20.

The Escrow Agreement further provides that:

All funds in the Escrow Account shall bear interest at the rate of 1.5% per annum.

21.

During negotiations for the purchase of the 2013 Note, the Bankruptcy Note, the other Loan Documents, and all of the security therefor, First NBC provided to Thinkstream LLC's principals a copy of what the bank represented to be its entire "loan file." The loan file contained copies of numerous Letters of Credit and Certificates of Deposit and brokerage accounts.

22.

Twenty-one (21) Letters of Credit were included in the loan file, with an aggregate face amount of $2,123,750.

23.

Eighteen (18) Certificates of Deposit were included in the loan file, with an aggregate balance of $819,119.33.

24.

First NBC represented that these Letters of Credit and Certificates of Deposit were valid and collectible and, in fact warranted in the Purchase Agreement that:

> Seller has not amended any of the Loan Documents, nor satisfied, assigned, sold, transferred or canceled any Loan Documents, in whole or in part, nor released all or any portion of the mortgaged property from the lien of the Loan Documents, nor executed any instrument of release, cancellation or satisfaction with respect to such Loan Documents.

25.

First NBC sold and assigned these Letters of Credit and Certificates of Deposit to Thinkstream LLC pursuant to the Purchase Agreement and they are identified as item A(4) on the exhibit to the Purchase Agreement.

26.

Thinkstream LLC believed in, and relied on, First NBC's representations about the validity and collectability of the Letters of Credit and Certificates of Deposit. First NBC never disclosed to Thinkstream LLC prior to the execution of the Purchase Agreement that some of the Certificates of Deposit were not even in its possession or that some of the Letters of Credit may have expired.

27.

Because First NBC was familiar with and purportedly in possession of these Letters of Credit and Certificates of Deposit, Thinkstream LLC believed that the bank was in the best position to enforce and collect them. Accordingly, Thinkstream LLC appointed the bank as its agent to enforce and collect them, with the proceeds to be applied to pay down the Thinkstream LLC Note, applied first to the $2,000,000 Recourse Amount, and second, to the $2,928,603.00 "non recourse" amount.

28.

With respect to those Letters of Credit and Certificates of Deposit, the Purchase Agreement provides that:

> 2.4   Agent. The Purchaser shall appoint the Seller as its agent to collect those certain collateral items, identified on Exhibit A (4), which form a part of the Loan Documents and to apply all funds obtained from such collections to reduce the Principal Indebtedness with respect to the Promissory Note. Seller shall give Purchaser a full accounting of all such collections and the application to the Promissory Note of the funds so collected.

29.

Furthermore in addition to the foregoing collateral, the loan file contained statements of brokerage accounts at Morgan Stanley in the names of Barry L. Bellue, Sr., and Barry Lee Bellue, Jr., with a value of approximately $227,000.00, which were purportedly pledged to secure the obligations to First NBC. Additionally, Barry L. Bellue, Sr., provided First NBC, as additional collateral for the Thinkstream INC loan purchased by Thinkstream LLC, a mortgage on two real estate lots owned by Barry L. Bellue, Sr., in the Zee Zee Gardens area of Baton Rouge, Louisiana. Upon information and belief, First NBC has collected the proceeds of sales of two lots that Bellue owned in the Zee Zee Gardens subdivision in Baton Rouge, but First NBC has failed and refused to provide Thinkstream LLC any details about the application of those proceeds, which may have exceeded $500,000.00, to any of the loans at issue.

30.

In sum, First NBC represented to Thinkstream LLC that the total collateral securing the purchased obligations was at least:

| | |
|---|---|
| Letters of Credit | $2,123,750.00 |
| Certificates of Deposit | 819,119.00 |
| Zee Zee Garden Lots | 500,000.00 |
| Brokerage Accounts | 227,000.00 |
| TOTAL: | $3,669,869.00 |

31.

Thinkstream LLC was willing to purchase the Note, the Bankruptcy Note and the Loan Documents based on these representations, but only because the Purchase Agreement provided that recourse against Thinkstream LLC and the guarantors was limited to $2,000,000.00 (the "Recourse Amount.") and the collateral to be liquidated exceeded the Recourse Amount, which by agreement of the parties was the sum total of the obligations which could have been owed by Thinkstream LLC to First NBC.

32.

The Purchase Agreement clearly provides that:

> 2.5   Collateral Collections.   The net proceeds of the Foreclosure or collection of the other collateral items under the Loan Documents shall be applied by the Purchaser to reduce the outstanding principal balance of the Note when received as more fully set forth in the Note, all such proceeds to be credited first to any outstanding balance of the Recourse Amount.

33.

Also included in the "Loan Documents" that First NBC sold to Thinkstream LLC under the Purchase Agreement was a Commercial Guaranty dated January 30, 2013, executed by Bellue in favor of First NBC ("Bellue Guaranty"). Bellue personally guaranteed the repayment of all indebtedness of the bankrupt Thinkstream INC, including the 2013 Note and the Bankruptcy Note.

34.

In addition to the 2013 Note and the Bankruptcy Note of the bankrupt Thinkstream INC, First NBC also held certain promissory notes owed to the bank by Bellue individually ("Bellue Notes"). First NBC did not sell the Bellue notes to Thinkstream LLC; it retained those notes and represented to Thinkstream LLC that the bank was in the process of foreclosing on collateral, including Bellue's personal

residence and other valuable real estate, which secured the repayment of the Bellue

Notes.

35.

Because First NBC and Thinkstream LLC recognized that certain assets of Bellue

were subject both to the claims of Thinkstream under the Bellue Guaranty and the claims

of First NBC under the Bellue Note, they included a special provision in the Purchase

Agreement to address that:

> The parties acknowledge that certain collateral for the Loan
> Documents is "common collateral" ("Common Collateral") in that it may
> also secure, by virtue of cross collateralization provisions, the
> indebtedness of Barry L. Bellue, Sr., to Seller as evidenced by that
> promissory note dated January 27, 2015, in the original amount of
> $2,238,632.27 ("Bellue Note"). The parties agree that Seller will not
> exercise its rights to collect upon this Common Collateral until it has
> exhausted all of its rights and remedies with respect to the collateral
> directly securing only the Bellue Note ("Bellue Collateral"), and shall
> apply the proceeds of the Bellue Collateral to reduce the indebtedness
> evidenced by the Bellue Note, prior to exercising any of its rights and
> remedies with respect to the Common Collateral. At such time as the
> indebtedness evidenced by the Bellue Note is reduced to zero, any
> remaining or additional proceeds obtained with respect to collecting
> upon the Common Collateral shall be applied to reduce the Indebtedness
> of Purchaser under the Promissory Note described herein and credited to
> the reduction of the Recourse Amount.

36.

Despite the plain wording of the Purchase Agreement and the Escrow Agreement,

First NBC has failed to pay debt service on the Thinkstream LLC Note from the Escrow

Account in accordance to the Escrow Agreement.

37.

Despite the plain wording of the Escrow Agreement, First NBC has failed to pay

any interest on the funds in the Escrow Account.

38.

Despite the plain wording of the Purchase Agreement, First NBC has failed to

collect upon the "Letters of Credit and Certificates of Deposit," the brokerage accounts,

or the other collateral, or to apply the proceeds of collection to reduce the Recourse Amount or the principal balance of the Thinkstream LLC Note.

39.

As Thinkstream LLC's agent, First NBC owes fiduciary duties of care, good faith, fair dealing and loyalty to Thinkstream LLC.

40.

Despite its fiduciary duties as agent to collect the Letters of Credit, Certificates of Deposit, and the other collateral securing the notes purchased by Thinkstream LLC, First NBC has failed to do so, and has failed and refused to provide any accounting to Thinkstream LLC of its collections and the application of payments.

41.

Despite the plain wording of the Purchase Agreement, First NBC has failed to account to Thinkstream LLC for the bank's collections with respect to the "Bellue Collateral" and the "Common Collateral" or to reduce the balance of the Thinkstream LLC Note with respect to any such collections.

42.

For example, First NBC has admitted that it has taken control of securities brokerage accounts in the names of Bellue and his son, but has breached its promise to provide Thinkstream LLC the details of the value of the securities or cash in the accounts, the liquidation of the securities in the accounts, or the application of the liquidation proceeds to any of the loans at issue.

43.

First NBC has also collected the proceeds of sales of two lots that Bellue owned in the Zee Zee Gardens subdivision in Baton Rouge, but First NBC has failed and refused to provide Thinkstream LLC any details about the application of those proceeds, which may have exceeded $500,000.00, to any of the loans at issue.

44.

First NBC has represented that it reached a settlement with Bellue and other creditors whereby First NBC realized or stood to realize a sizable portion of a collection of $900,000.00 of proceeds of the sale of Bellue's personal residence, but First NBC has breached its promise to provide any details of the application of these proceeds to any of the loans at issue.

45.

First NBC holds a second deed of trust on land owned by Bellue in Mississippi. Rather than take any steps to foreclose on the Mississippi land, which is subject to a first deed of trust securing a loan that is far less than the value of the land, First NBC has allowed Bellue to continue owning the property while his loans are in default.

46.

As a result of the failures and breaches of contract by First NBC, Thinkstream LLC is unable to determine whether the interest the bank is charging to Thinkstream LLC is based on the correct balance due with respect to the Thinkstream LLC Note and unable to determine whether the Recourse Amount has been reached or exceeded.

47.

Thinkstream LLC is not delinquent in its payments on the Thinkstream LLC Note.

48.

Nevertheless, First NBC has sent to Thinkstream LLC a series of erroneous delinquency notices on the Thinkstream LLC Note, despite that facts that the Escrow Account contains sufficient funds to pay in full the amount of interest that is properly due monthly on the note and that First NBC is obligated to use funds in the Escrow Account to make correct interest payments.

49.

The erroneous delinquency notices from First NBC also reveal that First NBC is attempting to erroneously charge interest on the entire principal amount of the $4.9 million Thinkstream LLC Note.

50.

Thinkstream LLC anticipated and believed that the money in the Escrow Account would be sufficient to service the Thinkstream LLC Note for many months, such that Thinkstream LLC would not be forced to use its limited working capital to make interest payments.

51.

First NBC has breached its fiduciary duties to Thinkstream as set forth in Section 2.4 of the Agreement and as "Escrow Holder" under the Escrow Agreement.

## DECLARATORY JUDGMENT

52.

An active controversy exists between Thinkstream LLC and First NBC regarding the construction, interpretation, and application of the terms of the Purchase Agreement, the Thinkstream LLC Note, the Escrow Agreement, and the related documents and the rights, duties and obligations of the parties thereto.

53.

Thinkstream is entitled to a judgment declaring that:

(a)     The terms of the Purchase Agreement, the Thinkstream LLC Note, and the Escrow Agreement are clear and unambiguous and that:

(b)     First NBC's aggregate recourse to Thinkstream LLC, or guarantors, under the Thinkstream LLC Note is limited to the Recourse Amount of $2,000,000.00;

(c)     That all payments made with respect to the Thinkstream LLC Note, whether of interest, principal, or collection upon collateral, must be credited first toward reduction of the Recourse Amount;

(d)     That payments due to First NBC during the first 12 months of the Thinkstream LLC Note are interest-only and are to be deducted by First NBC from the Escrow Account.

(e)     That First NBC is Thinkstream LLC's agent with respect to the collection of the Letters of Credit, Certificates of Deposit and other collateral securing the notes purchased by Thinkstream LLC and that First NBC has fiduciary duties to enforce and collect the Letters of Credit, Certificates of Deposit and other collateral in a timely manner.

(f)     That First NBC must immediately provide an accounting to Thinkstream LLC of the collection and application of the Letters of Credit, Certificates of Deposit and other collateral securing the notes purchased by Thinkstream LLC.

(g)     That First NBC must immediately provide an accounting to Thinkstream LLC of the collection and application of the "Bellue Collateral" and the "Common Collateral."

(h)     That First NBC must apply the payments it has received with respect to the collateral liquidation to reduce the balance of the Thinkstream LLC Note and thus the Recourse Amount;

(i)     That until such time as First NBC accounts for all collateral collections and applies them to reduce the balance of the Note and the Recourse Amount, no reliable calculation can be made of the actual interest due with respect to the Thinkstream LLC Note and that, therefore, Thinkstream LLC is relieved of any responsibility to pay interest or principal until a reliable calculation is possible; and

(j)     First NBC was and is obligated to pay interest on the amount of funds that should have been maintained in the Escrow Account at the rate of 1.5% per annum.

## DAMAGES

### 54.

As a result of First NBC's breach of contract and of its fiduciary duties, Thinkstream LLC has been assessed and is paying interest on an inflated principal balance under the Thinkstream LLC Note.

### 55.

As a result of First NBC's breach of contract and of its fiduciary duties, Thinkstream LLC has been forced to maintain substantial funds in the Escrow Account that could be available for other business purposes.

### 56.

Because First NBC has not provided an accounting of its collections of collateral and the application of the proceeds, Thinkstream LLC is being forced to maintain substantial funds in the Escrow Account and to pay interest when, in fact, the Recourse Amount may already have been met or exceeded.

### 57.

On information and belief, First NBC has failed to perform its duties and obligations to foreclose upon the Letters of Credit, Certificates of Deposit and the other collateral securing the notes purchased by Thinkstream LLC, and has damaged Thinkstream LLC by its failure to collect and credit these sums to reduce the balance of the Thinkstream LLC Note and the Recourse Amount.

58.

Both the Purchase Agreement and the Escrow Agreement provide that the prevailing party in any action or proceeding relating to either will be entitled to recover its reasonable attorneys' fees and other costs from the non-prevailing parties, in addition to any other relief to which such prevailing party may be entitled, and First NBC is liable to Thinkstream for all reasonable attorneys' fees and costs incurred by Thinkstream in connection with this action.

59.

In the Purchase Agreement, First NBC agreed to indemnify Thinkstream LLC against all loss resulting from the material inaccuracy of any of First NBC's representations and warranties and agreed that Thinkstream LLC is entitled to collect reasonable attorney's fees and expenses in the event that it prevails in any legal proceeding brought to enforce the agreement.

WHEREFORE, Plaintiff Thinkstream Acquisition, LLC, prays that defendant First NBC Bank be served with this Petition and commanded to answer same, and that after all due proceedings are had herein that there be judgment in favor of Thinkstream Acquisition, LLC and against First NBC Bank declaring that:

(a)     The terms of the Agreement, the Thinkstream LLC Note, and the Escrow Agreement are clear and unambiguous;

(b)     The aggregate recourse of First NBC Bank to Thinkstream LLC, and guarantors, under the Thinkstream LLC Note is limited to the Recourse Amount of $2,000,000.00;

(c)     That all payments made with respect to the Thinkstream LLC Note, whether of interest, principal, or collection upon collateral, are to be credited toward reduction of the Recourse Amount;

(d)    That payments due to First NBC during the first 12 months of the Thinkstream LLC Note are interest-only and are to be deducted by First NBC from the Escrow Account.

(e)    That First NBC is Thinkstream LLC's agent with respect to the collection of the Letters of Credit and Certificates of Deposit and other collateral securing the notes purchased by Thinkstream LLC, and has failed to perform its obligations as agent in a timely manner, thus causing Thinkstream LLC damages resulting from such delay.

(f)    That First NBC must immediately provide an accounting to Thinkstream LLC of the collection and application of the Letters of Credit, Certificates of Deposit and other collateral securing the notes purchased by Thinkstream LLC.

(g)    That First NBC must immediately provide an accounting to Thinkstream LLC of the collection and application of the "Bellue Collateral" and the "Common Collateral."

(h)    That First NBC must apply the payments it has received with respect to the collateral liquidation to reduce the balance of the Thinkstream LLC Note and thus the Recourse Amount;

(i)    That until such time as First NBC accounts for all collateral collections and applies them to reduce the balance of the Thinkstream LLC Note and the Recourse Amount, no reliable calculation can be made of the actual interest due with respect to the Note and that, therefore, Thinkstream LLC is relieved of any responsibility to pay interest or principal until a reliable calculation is possible; and

(j)    First NBC must pay interest on the Escrow Account of 1.5% per annum.

Thinkstream Acquisition, LLC, further prays that after all due proceedings are had herein that there be judgment in favor of Thinkstream Acquisition, LLC, and against First NBC for all damages alleged herein and as shall be shown at trial, for all of plaintiff's

reasonable attorneys' fees, costs and expenses, for all other general and equitable relief,

and for all costs of these proceedings.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE SERVE THE
CITATION, PETITION AND THE ATTACHED
REQUESTS FOR PRODUCTION OF DOCUMENTS
AND REQUESTS FOR ADMISSIONS UPON:

First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA  70112

ATTORNEY'S NAME:   Roeth, Robert S 11454
AND ADDRESS:   2300 Energy Centre 1100 Poydras Street, New Orleans, LA 70163-2300

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2016-09532          DIVISION: A          SECTION: 15

### THINKSTREAM ACQUISTION, LLC

**Versus**

### FIRST NBC BANK

### CITATION

TO:          FIRST NBC BANK

THROUGH:     ITS AGENT FOR SERVICE OF PROCESS: MARSHA C. CROWLE

             CHIEF COMPLIANCE OFFICER, 210 BARONNE STREET, NEW ORLEANS, LA 70112

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA., within fifteen (15)

days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

\*\*\*\*\*\*\*\***COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE**\*\*\*\*\*\*\*\*

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA September 23, 2016

Clerk's Office, Room 402, Civil Courts          DALE N. ATKINS, Clerk of
421 Loyola Avenue                               The Civil District Court

New Orleans, LA                                 for the Parish of Orleans
                                                State of LA
                                                by _____
                                                Paige Huntsberry, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PETITION FOR DECLARATORY JUDGMENT AND DAMAGES | PETITION FOR DECLARATORY JUDGMENT AND DAMAGES |
| ON FIRST NBC BANK | ON FIRST NBC BANK |
| THROUGH ITS AGENT FOR SERVICE OF PROCESS: MARSHA C. CROWLE | THROUGH ITS AGENT FOR SERVICE OF PROCESS: MARSHA C. CROWLE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating TOGETHER the said FIRST NBC BANK being absent from the domicile at time of said service. |
| No. _____ | Returned the same day |
| Deputy Sheriff of _____ | No. _____ |
| Mileage $ _____ | Deputy Sheriff of _____ |
| / ENTERED / | |
| PAPER          RETURN | |
| SERIAL No.     SO PUTY          PARISH | |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                    DIVISION " "                    DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____        _____
                                       DEPUTY CLERK

THINKSTREAM ACQUISITION, LLC.'S REQUESTS FOR ADMISSIONS
PROPOUNDED TO FIRST NBC BANK

TO:   First NBC Bank
      Through its Agent for Service of Process:
      Marsha S. Crowle
      Chief Compliance Officer
      210 Baronne Street
      New Orleans, LA  70112

      Thinkstream Acquisition, LLC (hereinafter "Thinkstream LLC") propounds the
following requests for admissions to be answered by First NBC Bank (hereinafter "First NBC").
First NBC is to answer these admissions requests separately, fully, in writing and under oath, in
accordance with the Louisiana Code of Civil Procedure and in accordance with the following
definitions and instructions, which are incorporated into each of the admissions requests as
though set forth entirely in each.  These admissions requests are made continuing, and
supplemental answers are required promptly.

### DEFINITIONS AND INSTRUCTIONS

      As used herein:

1.    "FIRST NBC" means and refers to First NBC Bank along with its officers, directors,
      members, employees, representatives and agents.

2.    "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated
      as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as
      Purchaser.

2766504-1
2774294-1

3.   "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase

Agreement, to wit:

(1)    Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the " 2013 Note");

(2)    Commercial Security Agreement dated March 22, 2013, executed by Thinkstream Incorporated ("Thinkstream INC") in favor of First NBC;

(3)    Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;

(4)    Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");

(5)    Any and all mortgages on real property granted as security for indebtedness conveyed herein.

(6)    Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");

(7)    The Loan Agreement by and between Thinkstream INC and First NBC with respect to  Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

4.   "Collateral" means any and all collateral held by FNBC at any time to secure the payment

of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents"

herein.

5.   "Common Collateral" means and refers to any and all collateral held by First NBC at any

time to secure the payment of the Bellue Note and the Bellue Guaranty.

6.   "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as

evidenced by that promissory note dated January 27, 2015, in the original amount of

$2,238,632.27.

7.   "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013,

executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of

Thinkstream INC.

8.   "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.

9.   "Letters of Credit" means those letters of credit conveyed pursuant to the Purchase Agreement, including 21 letters of credit purportedly given to secure the 2013 Note and the Bankruptcy Note.

10.  "Certificates of Deposit" means those certificates of deposit conveyed pursuant to the Purchase Agreement, including those 18 certificates of deposit purportedly pledged to secure the 2013 Note and the Bankruptcy Note.

11.  "Brokerage Accounts" means the brokerage accounts at Morgan Stanley in the names of Barry L. Bellue, Sr., and Barry Lee Bellue, Jr., with a value of approximately $227,000.00, which were purportedly pledged to secure the obligations of Thinkstream INC and/or Barry L. Bellue, Sr., to First NBC.

12.  "Zee Zee Gardens Lots" means those two real estate lots owned by Barry L. Bellue, Sr., in the Zee Zee Gardens area of Baton Rouge, Louisiana, which were purportedly mortgaged to secure the 2013 Note and the Bankruptcy Note.

13.  "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

14.  "Recourse Amount" means and refers to the amount of $2,000,000.00 as set forth in the Purchase Agreement and in the Thinkstream LLC Note.

15.  "Non-Recourse Amount" means and refers to the amount in excess of $2,000,000.00 in the Thinkstream LLC Note as set forth in the Purchase Agreement.

16.  "Escrow Account" means and refers to that account at First NBC established at pursuant to a Debt Service Reserve Escrow Agreement ("Escrow Agreement") between the parties, also dated as of December 15, 2015.

2774294-1                                         3

17.   "Documents" means and refers to writing in any form, any physical expression of information, and/or any means of storage of information, and "Documents" includes, without limitation, any loan document, correspondence, memorandum, agreement, letter, hand or typewritten note, e-mail or electronic mail, text message, invoice, receipt, computer printout, computer tape, computer diskette, audiotape, audio recording, microfilm, videotape, tape recording, photograph, inter-company and intra-company communication or any other item of a similar nature. "Documents" specifically includes drafts and/or copies of any of the foregoing items.

18.   "Relating to" shall mean concerning, containing, regarding, discussing, pertaining to, reflecting, relevant to, commenting upon, having some connection to, including, embodying or evidencing, and should be construed in the broadest sense of the term. An analogous meaning shall apply to the terms "relate," "related," "relating," and other derivations of these words.

19.   "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

20.   Words shall be construed in the singular or plural form.

21.   The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

## REQUESTS FOR ADMISSIONS

Admit or deny the following:

1.   First NBC executed the Purchase Agreement.

2.   The person who executed the Purchase Agreement on behalf of First NBC was authorized to execute it.

3.   The person who delivered the Purchase Agreement to Thinkstream LLC on behalf of First NBC was authorized to deliver it to Thinkstream LLC.

4.   Thinkstream INC was in default of its obligations to repay the 2013 Note and the Bankruptcy Note on the date on which First NBC sold the 2013 Note and the Bankruptcy Note to Thinkstream LLC.

5.    First NBC is the holder of the Thinkstream LLC Note.

6.    First NBC executed the Escrow Agreement.

7.    The person who executed the Escrow Agreement on behalf of First NBC was authorized to execute it.

8.    The person who delivered the Escrow Agreement to Thinkstream LLC on behalf of First NBC was authorized to deliver it to Thinkstream LLC.

9.    First NBC was represented by counsel in connection with the negotiation of the Purchase Agreement.

10.    The 2013 Note and the Bankruptcy Note are secured by the Letters of Credit.

11.    The 2013 Note and the Bankruptcy Note are secured by the Certificates of Deposit.

12.    The 2013 Note and the Bankruptcy Note are secured by the Brokerage Accounts.

13.    The 2013 Note and the Bankruptcy Note are secured by the Zee Zee Gardens Lots.

14.    The Bellue Note is not secured by the Letters of Credit.

15.    The Bellue Note is not secured by the Certificates of Deposit.

16.    The Bellue Note is not secured by the Brokerage Accounts.

17.    The Bellue Note is not secured by the Zee Zee Gardens Lots.

18.    First NBC agreed to act as agent for Thinkstream LLC to collect upon the Letters of Credit, Certificates of Deposit, and all other Collateral securing the 2013 Note and the Bankruptcy Note.

19.    First NBC agreed to apply all collected amounts to the Thinkstream LLC Note, pursuant to the terms of the Purchase Agreement.

20.    First NBC acted as agent for Thinkstream LLC to collect upon the Letters of Credit, Certificates of Deposit and other Collateral pursuant to the terms of the Purchase Agreement.

21.    First NBC promised to render an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the Letters of Credit, Certificates of Deposit and the other Collateral.

22.    First NBC has not rendered an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the Letters of Credit, Certificates of Deposit or the other Collateral.

23.    First NBC promised to render an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the Brokerage Accounts.

24.    First NBC has not rendered an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the Brokerage Accounts.

25.    First NBC promised to render an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the Zee Zee Gardens Lots.

26.    First NBC has not rendered an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the Zee Zee Gardens Lots.

27.    First NBC promised to render an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the personal residence of Barry Bellue, Sr., at 2601 East lakeshore Drive, Baton Rouge, LA.

28.    First NBC has not rendered an accounting to Thinkstream LLC with respect to the collections First NBC has made with respect to the personal residence of Barry Bellue, Sr., at 2601 East lakeshore Drive, Baton Rouge, LA.

29.    First NBC allowed one or more of the Letters of Credit to expire.

30.    First NBC has not collected the balances of the Certificates of Deposit.

31.    First NBC has not applied the proceeds of collection on the Zee Zee Gardens Lots to reduce the balance of the Thinkstream LLC Note and the Recourse Amount.

32.    First NBC has not applied the proceeds of collection on the Brokerage Accounts to reduce the balance of the Thinkstream LLC Note and the Recourse Amount.

33.    First NBC has not applied the proceeds of collection on the Letters of Credit to reduce the balance of the Thinkstream LLC Note and the Recourse Amount.

34.    First NBC has not applied the proceeds of collection on the Certificates of Deposit to reduce the balance of the Thinkstream LLC Note and the Recourse Amount.

35.    First NBC has not applied the proceeds of collection on the personal residence of Barry Bellue, Sr., at 2601 East lakeshore Drive, Baton Rouge, LA to reduce the balance of the Thinkstream LLC Note and the Recourse Amount.

36.    First NBC has not accounted to Thinkstream LLC for the collections it has made with respect to the Letters of Credit or the Certificates of Deposit.

37.    First NBC has failed in its agency and fiduciary duties to collect upon and account to Thinkstream LLC for the Letters of Credit and Certificates of Deposit and all other Collateral securing the 2013 Note and the Bankruptcy Note.

38.    As the escrow holder of the Escrow Account First NBC owes a fiduciary duty to Thinkstream LLC to manage the Escrow Account properly.

39.    As the escrow holder of the Escrow Account First NBC owes a fiduciary duty to Thinkstream LLC to account to Thinkstream LLC for all additions to and disbursements from the Escrow Account.

40.    First NBC has failed to use funds in the Escrow Account to properly make interest payments as they become due to pay the Thinkstream LLC Note.

41.    First NBC has not accounted to Thinkstream LLC for the disbursements from the Escrow Account.

42.    First NBC has not accounted to Thinkstream LLC for interest accruing on the balance in the Escrow Account.

43.    First NBC has not credited interest on the balance in the Escrow Account.

44.     First NBC has failed in its agency and fiduciary duties to pay interest on the Thinkstream LLC Note from the Escrow Account.

45.     First NBC's recourse against Thinkstream LLC and the guarantors of the Thinkstream LLC Note is limited to $2,000,000.00 (the "Recourse Amount").

46.     The maximum amount that could be owed by Thinkstream LLC and guarantors under the Thinkstream LLC Note, after applying the proceeds of collection efforts of the Collateral securing the 2013 Note and the Bankruptcy Note and the Common Collateral, is $2,000,000.00.

47.     The "Non-Recourse" portion of the Thinkstream LLC Note is not an obligation of Thinkstream LLC and is to be satisfied only from proceeds generated from collections related to the foreclosure of the Collateral securing the 2013 Note and the Bankruptcy Note and the Common Collateral in excess of $2,000,000.00.

48.     All payments and amounts received by First NBC, from collections on collateral, deductions from the Escrow Account, or otherwise, are to be credited to reduce the Recourse Amount.

49.     All payments and amounts received by First NBC, from collections on collateral, deductions from the Escrow Account, or otherwise, are to be credited to reduce the outstanding balance of the Thinkstream LLC Note.

50.     First NBC has failed to credit all payments and amounts received by it from collections on collateral, deductions from the Escrow Account, or otherwise, to reduce the Recourse Amount.

51.     First NBC has failed to credit all payments and amounts received by it from collections, deductions from the Escrow Account, or otherwise, to reduce the  outstanding balance of the Thinkstream LLC Note.

52.     Thinkstream LLC is not delinquent in its payment obligations under the Thinkstream LLC Note.

53.     First NBC has received payments and proceeds from the collection upon the Collateral and the Common Collateral sufficient to reduce the Recourse Amount to zero.

54.     First NBC has foreclosed upon or otherwise collected upon the Zee Zee Gardens Lots, but has failed to credit the collection proceeds to reduce the Recourse Amount.

55.     First NBC has foreclosed upon or otherwise collected upon the Zee Zee Gardens Lots, but has failed to credit the collection proceeds to reduce the outstanding balance of the Thinkstream LLC Note.

56.     First NBC has foreclosed upon or otherwise collected upon the Brokerage Accounts, but has failed to credit these proceeds to reduce the Recourse Amount.

57.     First NBC has foreclosed upon or otherwise collected upon the Brokerage Accounts, but has failed to credit these proceeds to reduce the outstanding balance of the Thinkstream LLC Note.

58.     First NBC has foreclosed or otherwise collected sums from the sale of  the personal residence of Barry L. Bellue, Sr., in Baton Rouge, Louisiana, but has failed to credit these proceeds to reduce the Recourse Amount or the Bellue Note.

59.     First NBC has foreclosed or otherwise collected sums from the sale of the personal residence of Barry L. Bellue, Sr., in Baton Rouge, Louisiana, but has failed to credit these proceeds to reduce the outstanding balance of the Thinkstream LLC Note.

60.     Immediately prior to the time of the execution of the Purchase Agreement, First NBC's risk rating, loan classification, and/or internal valuation of the 2013 Note, were "substandard" or lower.

61.     Immediately prior to the time of the execution of the Purchase Agreement, First NBC's risk rating, loan classification, and/or internal valuation of the Bankruptcy Note, were "substandard" or lower.

62.     Immediately prior to the time of the execution of the Purchase Agreement, First NBC's risk rating, loan classification, and/or internal valuation of the Bellue Note, were "substandard" or lower.

63.     First NBC has failed to account to Thinkstream LLC for its efforts to foreclose or collect upon the Collateral and the Common Collateral.

64.     Thinkstream LLC's obligations to First NBC under the Purchase Agreement and Thinkstream LLC Note have been fully satisfied.

65.     First NBC owes Thinkstream LLC the obligation to replace any and all funds taken by First NBC from the Escrow Account and return said account to a balance of $500,000.00 plus interest.

Respectfully submitted:

*[signature]*

Robert S. Rooth (La. Bar. No. 11454) T.A.
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

**PLEASE SERVE:**

First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA  70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                          DIVISION " "                     DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____

                                     _____
                                            DEPUTY CLERK


**THINKSTREAM ACQUISITION, LLC.'S REQUESTS FOR PRODUCTION**
**OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**
**PROPOUNDED TO FIRST NBC BANK**

TO:   First NBC Bank
      Through its Agent for Service of Process:
      Marsha S. Crowle
      Chief Compliance Officer
      210 Baronne Street
      New Orleans, LA 70112

Thinkstream Acquisition, LLC (hereinafter "Thinkstream LLC") propounds the following requests for documents and Electronically Stored Information to be answered by First NBC Bank (hereinafter "First NBC"). First NBC is to answer these document requests separately, fully, in writing and under oath, in accordance with the Louisiana Code of Civil Procedure and in accordance with the following definitions and instructions, which are incorporated into each of the document requests as though set forth entirely in each. These document requests are made continuing, and supplemental answers are required promptly. You are requested to produce all Electronically Stored Information responsive to this Request in its native format with all associated Metadata intact.

Unless otherwise specified in a particular numbered item of this Request, the temporal scope of this Request is the period from January 1, 2015 to date.

DEFINITIONS

As used herein:

2766504-1
2774261-1

1.  "First NBC" means and refers to First NBC Bank along with its officers, directors, members, employees, representatives and agents.

2.  "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as Purchaser.

3.  "Thinkstream INC" means and refers to Thinkstream Incorporated, a Delaware corporation.

4.  "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase Agreement, to wit:

> (1)     Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the "2013 Note");
>
> (2)     Commercial Security Agreement dated March 22, 2013, executed by Thinkstream INC in favor of First NBC;
>
> (3)     Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;
>
> (4)     Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");
>
> (5)     Any and all mortgages on real property granted as security for indebtedness conveyed herein.
>
> (6)     Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");
>
> (7)     The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

4.  "Collateral" means any and all collateral held by First NBC at any time to secure the payment of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents" herein.

5.  "Common Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note and the Bellue Guaranty.

2774261-1                                    2

6. "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as evidenced by that promissory note dated January 27, 2015, in the original amount of $2,238,632.27.

7. "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC.

8. "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.

9. "Communication" means any transmittal of information of any kind, whether in the form of a document, letter, e-mail, note, message, or other form.

10. "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

11. "Escrow Account" means and refers to that account at First NBC established at pursuant to a Debt Service Reserve Escrow Agreement ("Escrow Agreement") between the parties, also dated as of December 15, 2015.

12. "Documents" means and refers to documents or Electronically Stored Information of any type or description, or any means of storage of information, including, without limitation, writing in any form, any physical expression of information, and/or any means of storage of information, and "Documents" includes, without limitation, any loan document, correspondence, communication, memorandum, agreement, letter, hand or typewritten note, e-mail or electronic mail, text message, invoice, receipt, computer printout, computer tape, computer diskette, audiotape, audio recording, microfilm, videotape, tape recording, photograph, inter-company and intra-company communication or any other item of a similar nature. "Documents" specifically includes drafts and/or copies of any of the foregoing items.

13. "Relating to" shall mean concerning, containing, regarding, discussing, pertaining to, reflecting, relevant to, commenting upon, having some connection to, including, embodying or

evidencing, and should be construed in the broadest sense of the term. An analogous meaning shall apply to the terms "relate," "related," "relating," and other derivations of these words.

14.   "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

15.   Words shall be construed in the singular or plural form.

16.   The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

17.   "Metadata" includes information embedded in an electronic document or file describing, inter alia, its creation, revision history, tracking and management that is generally not visible or retrievable when an electronic document is printed or converted to an image file.

18.   "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

19.   "Electronically stored information" means information that is stored in an electronic medium and is retrievable in perceivable form.

## INSTRUCTIONS

A.      This Request seeks all responsive documents and information that are in your possession, custody, or control and all documents and information that are in the possession, custody, or control of your agents, employees, attorneys or other representatives. This Request shall be deemed to be continuing so that any additional information and documents responsive to this Request which you acquire or which become known to you up to and including the time of trial shall be furnished to the requesting party promptly after such information or documents are acquired by or become known to you.

B      If any information called for by this Request is withheld on the grounds of a claim or objection based on the attorney-client privilege, the attorney work-product doctrine, or any

other privilege or basis, state in your response, as to each document or category of information you refuse to produce or disclose:

    1. the nature of the privilege or work product doctrine you claim is applicable and a description of the facts and the basis of applicability of the particular privilege or objection to each such document or category of information;

    2. if a document is involved, the date, the author, its recipient(s) and all persons who received copies of it, including the general subject matter of the document, and the identity of each person who has seen the document; and

    3. if a communication is involved, the names of the persons involved in the communication, the general subject matter of the communication, and an explanation of the circumstances of the communication.

    C.    With respect to each document otherwise responsive to this Request which has been lost or destroyed since its preparation or receipt, identify the document, state the item number of the Request to which it would otherwise be responsive, and give the full particulars or circumstances of the loss or destruction of the document.

    D. Organize or label all documents you produce by reference to the number of the particular item of this Request to which they are responsive.

    E. If a document is responsive to this Request and is within your control, but is not in your possession or custody, identify the person who has possession or custody of the document. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the dates or approximate dates on which such disposition was made, and why.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

Please produce any and all Documents relating in any way to First NBC's decision to sell the Loan Documents to Thinkstream LLC.

### REQUEST FOR PRODUCTION NO. 2

Please produce any and all Documents relating in any way to the negotiations for the sale of the Loan Documents, including any drafts of, or comments on drafts of, the Purchase Agreement.

### REQUEST FOR PRODUCTION NO. 3

Please produce any and all Documents relating in any way to the collateral that First NBC held as collateral security for the repayment of the 2013 Note or the Bankruptcy Note, including any and all Documents relating in any way to the value of each item of Collateral at the time of the execution of the 2013 Note and the Bankruptcy Note, the value of each item of Collateral at the time of the execution of the Purchase Agreement, or the value of each item of Collateral at the present.

### REQUEST FOR PRODUCTION NO. 4

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon each item of Collateral, including those "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

### REQUEST FOR PRODUCTION NO. 5

Please produce any and all Documents relating in any way to the current status or value of the "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

### REQUEST FOR PRODUCTION NO. 6

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon two real estate lots owned by Barry L. Bellue, Sr., in the Zee Zee Gardens area of Baton Rouge, Louisiana.

### REQUEST FOR PRODUCTION NO. 7

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon any brokerage accounts at Morgan Stanley in the names of Barry L. Bellue, Sr., and Barry Lee Bellue, Jr., with a value of approximately $227,000.00, which were purportedly pledged to secure the obligations of Thinkstream INC to First NBC.

**REQUEST FOR PRODUCTION NO. 8**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon the personal residence of Barry L. Bellue, Sr., in Baton Rouge, Louisiana.

**REQUEST FOR PRODUCTION NO. 9**

Please produce any and all Documents relating in any way any of the collateral that First NBC held as collateral security for the repayment of the Bellue Note or the Common Collateral, including any and all Documents relating in any way to the value of each item of collateral for the Bellue Note and Common Collateral at the time of the Bellue Note's execution, the value of each item of the Bellue Collateral and the Common Collateral at the time of the execution of the Purchase Agreement, or the value of each item of the Bellue Collateral and the Common Collateral at the present.

**REQUEST FOR PRODUCTION NO. 10**

Please produce any and all Documents relating in any way to First NBC's efforts foreclose upon or otherwise collect upon the Bellue Collateral or the Common Collateral.

**REQUEST FOR PRODUCTION NO. 11**

Please produce any and all Documents relating in any way to the current status of value of the Bellue Collateral or the Common Collateral.

**REQUEST FOR PRODUCTION NO. 12**

Please produce any and all Documents relating in any way to the application of payments that were used to pay principal, interest or bank charges on the Thinkstream LLC Note and the outstanding balance of principal and interest due with respect to the Thinkstream LLC Note from December 15, 2015, to the present, on a monthly basis.

**REQUEST FOR PRODUCTION NO. 13**

Please produce any and all Documents relating in any way to any deductions from or additions to the Escrow Account, including the purpose of those deductions and the source of those additions, from December 15, 2015, to the present, on a monthly basis.

<u>REQUEST FOR PRODUCTION NO. 14</u>

Please produce any and all Documents relating in any way to First NBC's risk rating, loan classification, and/or internal valuation of the loans represented by the 2013 Note, the Bankruptcy Note, or the Bellue Note, at any time prior to the time of the execution of the Purchase Agreement.

<u>REQUEST FOR PRODUCTION NO. 15</u>

Please produce any and all Documents relating in any way to the payment and delinquency status of the Bellue Note or the Thinkstream LLC Note.

<u>REQUEST FOR PRODUCTION NO. 16</u>

Please produce any and all Documents relating in any way to First NBC's mortgage on the 1,636 Acres of Donegal Road, Woodville, MS ("Mississippi Property") owned by Barry L. Bellue, Sr., including all appraisals of the Mississippi Property or the mineral rights therein.

<u>REQUEST FOR PRODUCTION NO. 17</u>

Please produce any and all Documents relating in any way to the "Letters of Credit and Certificates of Deposit" including all communications with the depositary banks or deposit account holders of the Certificates of Deposit and all communications with the issuing banks or applicants of the Letters of Credit.

<u>REQUEST FOR PRODUCTION NO. 18</u>

Please produce any and all Documents relating in any way to any account into which First NBC has placed the proceeds of the foreclosure or collection upon any of the Bellue Collateral, the Collateral or the Common Collateral, including the names of each account holder and all account statements.

<u>REQUEST FOR PRODUCTION NO. 19</u>

Please produce any and all Documents relating in any way to any disbursements of any proceeds of collections on any of the Bellue Collateral, the Collateral, or the Common Collateral.

<u>REQUEST FOR PRODUCTION NO. 20</u>

Please produce any and all Documents relating in any way to any meetings of any loan committee, audit committee or other committee that refer to the 2013 Note, the Bankruptcy Note,

the Bellue Note, the Thinkstream LLC Note, or the Purchase Agreement, including all minutes thereof.

## REQUEST FOR PRODUCTION NO. 21

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr., relating in any way to: Thinkstream INC, Thinkstream LLC, the bankruptcy of Thinkstream INC, the Thinkstream LLC Note, TSB Ventures, LLC, the 2013 Note, or the Bankruptcy Note.

## REQUEST FOR PRODUCTION NO. 22

Please produce any and all correspondence between First NBC and any and all attorneys representing Thinkstream INC and/or Barry L. Bellue, Sr.

## REQUEST FOR PRODUCTION NO. 23

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr.

## REQUEST FOR PRODUCTION NO. 24

Please produce any and all correspondence and communications between and among First NBC personnel related to: Barry L. Bellue, Thinkstream INC, Thinkstream LLC, and/or TSB Ventures, LLC.

## REQUEST FOR PRODUCTION NO. 25

Please produce any and all Documents related in any way to interest payments received by First NBC related to the 2013 Note.

## REQUEST FOR PRODUCTION NO. 26

Please produce any and all Documents related in any way to any loans made by First NBC to Thinkstream INC and to Barry L. Bellue, Sr.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE SERVE:

First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA  70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS $\,$FILED

STATE OF LOUISIANA                    2016 OCT 13 P 3 18

No. 2016-9532                                         DIVISION "A"

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

_____                    _____
FILED                                                          DEPUTY CLERK

### *UNOPPOSED EX PARTE* FIRST MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS AND RESPONSES TO DISCOVERY

NOW INTO COURT, through undersigned counsel, come Defendant, First NBC Bank (hereinafter referred to as "Defendant" or "First NBC"), who respectfully represent that:

-1-

Plaintiff filed their Petition for Damages, Requests for Production of Documents, and Requests for Admissions on or about September 22, 2016.

-2-

Same were served on First NBC on or about September 27, 2016.

-3-

Consequently, responsive pleadings to Plaintiffs' Petition for Damages are either due or the time for responding is quickly approaching.

-4-

Additionally, responses to the Requests for Production of Documents and Requests for Admissions are due on or about October 27, 2016.

-5-

Undersigned counsel requires more time to investigate and research the claims made by the Plaintiffs in order to properly respond thereto.

-6-

*No previous extensions of time to plead have been requested by First NBC in this matter.*

-7-

Defendants request an extension of time to file responsive pleadings to Plaintiff's Petition for Damages, Requests for Production of Documents, and Requests for Admissions until November 11, 2016.

-8-

*Counsel for Plaintiff has agreed to an extension of time until November 11, 2016 to file responsive pleadings to Plaintiff's Petition for Damages, Requests for Production of Documents, and Requests for Admissions.*  See Email string attached hereto as Exhibit "1."

-9-

The granting of the extension of time as requested will not retard the progress of this matter.

**WHEREFORE**, the Defendant, First NBC, prays that this Honorable Court grant an extension of time until November 11, 2016 to file responsive pleadings to Plaintiff's Petition for Damages, Requests for Production of Documents, and Requests for Admissions.

Respectfully Submitted:

AARON & GIANNA, PLC

WILLIAM D. AARON, JR. (LSBA #2267) T.A.
DeWAYNE L. WILLIAMS (LSBA #27685)
ANNA RAINER (LSBA #31531)
201 Saint Charles Avenue, Suite 3800
New Orleans, LA 70170
Telephone: (504) 569-1800

*Counsel for Defendant, First NBC Bank*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record via electronic service and/or fax, this ___ day of ___October___, 2016.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2016-9532                                                  DIVISION "A" -

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

_____          _____
FILED                                               DEPUTY CLERK

ORDER

Considering the foregoing Unopposed Ex Parte First Motion for Extension of Time;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant, First

NBC Bank be granted additional time to November 11, 2016 to file responsive pleadings to

Plaintiff's Petition for Damages, Requests for Production of Documents, and Requests for

Admissions in the above-captioned matter.

New Orleans, Louisiana, this _____ day of _____, 2016.

_____
JUDGE

Service will be perfected via certified mail.

**DeWayne Williams**

| | |
|---|---|
| **From:** | Rooth, Robert <rooth@chaffe.com> |
| **Sent:** | Wednesday, October 12, 2016 12:58 PM |
| **To:** | DeWayne Williams |
| **Cc:** | William Aaron; Anna Rainer; Dunbar, Anthony; Rotolo, Peter |
| **Subject:** | RE: Thinkstream Acquisition, LLC v. First NBC Bank - CDC No. 2016-9532; Our File No. 72008 [CMNO-ChaffeDMS.FID169371] |

FILED
2016 OCT 13  P 3:18

DeWayne, That's agreeable to my client. Please go ahead and file a motion with the court stating we have no opposition to the extension.
Bob Rooth



Robert S. Rooth | *Partner*
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7228 | f: 504-544-6088

chaffe.com | linkedin | email

---

**From:** DeWayne Williams [mailto:dwilliams@aaronfirm.com]
**Sent:** Wednesday, October 12, 2016 12:05 PM
**To:** Rooth, Robert
**Cc:** William Aaron; DeWayne Williams; Anna Rainer
**Subject:** Thinkstream Acquisition, LLC v. First NBC Bank - CDC No. 2016-9532; Our File No. 72008

Mr. Rooth:

Bill Aaron forwarded your voice mail to me as I was in the process of drafting the Motion for Extension of Time. I apologize for the formality of this transmission, I just wanted to be sure we were all on the same page. Service of the Petition and Discovery (Production and Admissions) took place on September 27, 2016. That would make Responsive Pleadings to the Petition due today (15 days) and Responses to the Discovery (Production and Admissions) due on October 27, 2016 (30 days via La.C.C.P. art. 1462 and 1467).

We have an agreement to an extension of 15 days on the outstanding discovery and an agreement to make the responsive pleadings due on the same time. That would make everything due on November 11, 2016. Please confirm.

Again, I apologize for the formality. I simply did not want there to be any miscommunication.

Thanks,

DeWayne

DeWayne L. Williams
Shareholder/Director
Aaron & Gianna, PLC
201 St. Charles Ave.
Suite 3800
New Orleans, LA 70170



EXHIBIT
1

1

Tel: (504) 569-1802
Fax: (504) 569-1801

 

OFFICES IN NEW ORLEANS, LOUISIANA

This electronic mail transmission (and/or documents accompanying it) may be privileged and may contain confidential information intended only for the recipient(s) listed above and intended to be protected by the attorney-client privilege, the work product doctrine or other applicable law. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any review, disclosure, distribution, dissemination or copying of this transmittal or taking of any action in reliance on its contents is prohibited. If you received this transmittal in error, please notify us immediately at 504-569-1800 and forward the transmittal back to us via electronic mail. Please destroy this electronic message and delete it from your electronic mail server and destroy any and all copies.

Chaffe McCall L.L.P. CONFIDENTIALITY NOTICE: This e-mail transmission, including attachments, if any, is intended for use only by the addressee(s) named herein and contains confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply e-mail or telephone and delete the original and destroy all electronic and other copies of this message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED

No. 2016-9532

2016 NOV 14 ☐ 12:51

DIVISION "A"

THINKSTREAM ACQUISITION, LLC   CIVIL DISTRICT COURT

VERSUS

FIRST NBC BANK

_____   _____
FILED                                              DEPUTY CLERK

### ANSWER AND AFFIRMATIVE DEFENSES TO
### PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes purported Defendant, First NBC

Bank, (hereinafter referred to as "Defendant" or "FNBC"), who respectfully responds to the Petition

for Declaratory Judgment and Damages, (hereinafter referred to as the "Petition"), filed by Plaintiff,

Thinkstream Acquisition, LLC, (hereinafter referred to as "Plaintiff"), in the following particulars:

-1-

The allegations contained within paragraph 1 of Plaintiff's Petition, insofar as it purports to

establish the status and registered office of Plaintiff, are admitted.  Insofar as it purports to establish

any other allegations same are denied.

-2-

The allegations contained within paragraph 2 of Plaintiff's Petition, insofar as it purports to

establish the status and registered office of FNBC, are admitted.  Insofar as it purports to establish

any other allegations same are denied.

-3-

The allegations contained within paragraph 3 of Plaintiff's Petition, insofar as it purports to

establish venue, are admitted.  All other allegations are denied.

-4-

The allegations contained within paragraph 4 of Plaintiff's Petition are denied.

-5-

The allegations contained within paragraph 5 of Plaintiff's Petition are denied.

-6-

The allegations contained within paragraph 6 of Plaintiff's Petition are denied.

-7-

The allegations contained within paragraph 7 of Plaintiff's Petition are denied.

-8-

The allegations contained within paragraph 8 of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein at this time.

-9-

The allegations contained within paragraph 9 of Plaintiff's Petition are denied.

10.

The allegations contained within paragraph 10 of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein at this time.

11.

The allegations contained within paragraph 11 of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein at this time.

12.

The allegations contained within paragraph 12 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the contents of a purported Loan Document Purchase Agreement. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

13.

The allegations contained within paragraph 13 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

14.

The allegations contained within paragraph 14 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

15.

The allegations contained within paragraph 15 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement

speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

16.

The allegations contained within paragraph 16 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

17.

The allegations contained within paragraph 17 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

18.

The allegations contained within paragraph 18 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

19.

The allegations contained within paragraph 19 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties.

20.

The allegations contained within paragraph 20 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties.

21.

The allegations contained in paragraph 21 of Plaintiff's Petition are denied.

22.

The allegations contained in paragraph 22 of Plaintiff's Petition are denied.

23.

The allegations contained in paragraph 23 of Plaintiff's Petition are denied.

24.

The allegations contained within paragraph 24 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

25.

The allegations contained within paragraph 25 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

26.

The allegations contained within paragraph 26 of Plaintiff's Petition are denied.

27.

The allegations contained within paragraph 27 of Plaintiff's Petition are denied.

28.

The allegations contained within paragraph 28 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

29.

The allegations contained within paragraph 29 of Plaintiff's Petition are denied.

30.

The allegations contained within paragraph 30 of Plaintiff's Petition are denied.

31.

The allegations contained within paragraph 31 of Plaintiff's Petition are denied.

32.

The allegations contained within paragraph 32 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

33.

The allegations contained within paragraph 33 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

34.

The allegations contained within paragraph 34 of Plaintiff's Petition are denied.

35.

The allegations contained within paragraph 35 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all other allegations are denied.

36.

The allegations contained within paragraph 36 of Plaintiff's Petition are denied.

37.

The allegations contained within paragraph 37 of Plaintiff's Petition are denied.

38.

The allegations contained within paragraph 38 of Plaintiff's Petition are denied.

39.

The allegations contained within paragraph 39 of Plaintiff's Petition are denied.

40.

The allegations contained within paragraph 40 of Plaintiff's Petition are denied.

41.

The allegations contained within paragraph 41 of Plaintiff's Petition are denied.

42.

The allegations contained within paragraph 42 of Plaintiff's Petition are denied.

43.

The allegations contained within paragraph 43 of Plaintiff's Petition are denied.

44.

The allegations contained within paragraph 44 of Plaintiff's Petition are denied.

45.

The allegations contained within paragraph 45 of Plaintiff's Petition are denied.

46.

The allegations contained within paragraph 46 of Plaintiff's Petition are denied.

47.

The allegations contained within paragraph 47 of Plaintiff's Petition are denied.

48.

The allegations contained within paragraph 48 of Plaintiff's Petition are denied.

49.

The allegations contained within paragraph 49 of Plaintiff's Petition are denied.

50.

The allegations contained within paragraph 50 of Plaintiff's Petition are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained within paragraph 51 of Plaintiff's Petition are denied.

52.

The allegations contained within paragraph 52 of Plaintiff's Petition are denied.

53.

The allegations contained within paragraph 53 of Plaintiff's Petition are denied.

54.

The allegations contained within paragraph 54 of Plaintiff's Petition are denied.

55.

The allegations contained within paragraph 55 of Plaintiff's Petition are denied.

56.

The allegations contained within paragraph 56 of Plaintiff's Petition are denied.

57.

The allegations contained within paragraph 57 of Plaintiff's Petition are denied.

58.

The allegations contained within paragraph 58 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties. Additionally, all

other allegations are denied.

59.

The allegations contained within paragraph 59 of Plaintiff's Petition are denied insofar as the paragraph purports to establish the substance of any agreement between the parties. Said Agreement speaks for itself and is the best evidence of any agreement between the parties.  Additionally, all other allegations are denied.

AFFIRMATIVE DEFENSES

AND NOW, in further response to Plaintiff's Petition, FNBC asserts the following Affirmative Defenses:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a cause of action on which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiff's Petition are barred by applicable statutes of limitation, prescriptive and peremptive periods and contractual time limitation provisions.

THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiff's Petition are barred under the doctrines of waiver, ratification, and estoppel.

FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiff's Petition are barred by the principle of unclean hands.

FIFTH AFFIRMATIVE DEFENSE

FNBC at all times complied with the applicable laws, regulations, and standards.

SIXTH AFFIRMATIVE DEFENSE

The rights, obligations, and duties of FNBC are exclusively defined by the applicable Agreements executed by the parties and in the custom and practice as implied.

SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred, in whole or in part, because all actions of FNBC were privileged exercises of the legal and/or contractual rights of FNBC.

EIGHTH AFFIRMATIVE DEFENSE

FNBC did not breach any duties owed to Plaintiff, including any duties imposed on FNBC in the Agreements or by law.

## NINTH AFFIRMATIVE DEFENSE

FNBC at all times acted with due care, diligence, in good faith, and without malice.

## TENTH AFFIRMATIVE DEFENSE

Some of or all of the claims asserted against Plaintiff are preempted or otherwise precluded by statute, regulation, or any applicable agreements.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages proximately caused by FNBC.

## TWELFTH AFFIRMATIVE DEFENSE

No act or omission of FNBC was a cause-in-fact of any of Plaintiff's alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

The damages alleged by Plaintiff are the result of its own fault and/or the fault of others whose conduct FNBC is not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted by Plaintiff are barred in whole or in part by the doctrine of Unjust Enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims and alleged defaults asserted by Plaintiff are barred by the doctrines of accord, satisfaction, and/or have been cured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that FNBC's conduct breached any supposed duties to Plaintiff, which is specifically denied, said conduct was the result of FNBC's fulfillment of its duties and obligations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

FNBC cannot be held liable for any misrepresentations or omissions of any other person or party.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for breach of fiduciary duty under applicable law. FNBC, at all times, acted in good faith, and complied with and fulfilled the terms and conditions set forth in the Agreements.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for or basis for recovery of attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff should be dismissed or, alternatively, their damages (the existence of which damages is denied) should be reduced due to failure of conditions precedent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages awarded to Plaintiff, the existence of which is denied, are limited by any limitation of liability clauses contained in the Agreements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

On information and belief, the Plaintiff identified has not been authorized to initiate this litigation by its members.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

On information and belief, a majority in interest of the members of Plaintiff did not vote to commence this litigation, and the members have not granted authority to counsel for Plaintiff to file this litigation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action for declaratory judgment fails for lack of a case or controversy because FNBC did not breach any agreements.

## RESERVATION OF RIGHTS

FNBC reserves the right to assert additional affirmative defenses established via discovery.

**WHEREFORE,** the FNBC prays that this Answer be deemed good and sufficient and after due proceedings be had, there be judgment herein in its favor and against Plaintiff, dismissing Plaintiff's demand with prejudice at Plaintiff's cost and for such other relief as may be permitted.

Respectfully Submitted:

AARON & GIANNA, PLC

WILLIAM D. AARON, JR. (LSBA #2267) T.A.
DeWAYNE L. WILLIAMS (LSBA #27685)
ANNA RAINER (LSBA #31531)
201 Saint Charles Avenue, Suite 3800
New Orleans, LA 70170
Telephone: (504) 569-1800

*Counsel for Defendant, First NBC Bank*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record via electronic service and/or fax, this __14th__ day of __November__, 2016.



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                DIVISION "A-15"            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____    _____
                                          DEPUTY CLERK

MOTION TO COMPEL RESPONSES TO DISCOVERY

Plaintiff, Thinkstream Acquisition, LLC, respectfully moves this Honorable Court for an order compelling defendant, First NBC Bank, to respond fully, without objection, to plaintiff's discovery requests.  Defendant has failed to respond despite plaintiff's request for a response. *See* Civil Rule 10.1 Certificate.

Accordingly, plaintiff, Thinkstream Acquisition, LLC, requests that the Court grant this motion and compel defendant, First NBC Bank, to respond to the requests for production, without objection.  Plaintiff further prays that in the event defendant files responses before the hearing date for this motion, and in the event that those responses are incomplete or insufficient, the Court allow plaintiff to supplement its Motion to Compel and hear this motion on the date originally set by the Court.  Plaintiff, Thinkstream Acquisition, LLC, also requests that the Court award the costs and fees associated with this motion.  A supporting memorandum is attached.

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No. 21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

2821107-1

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this _____ day of December, 2016.



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.    16-9532                DIVISION "A-15 "            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____    _____

DEPUTY CLERK

## RULE 10.1 CERTIFICATE OF CONFERENCE

Counsel for movant, Thinkstream Acquisition, LLC, and counsel for defendant, First NBC Bank, conducted a telephone conference on December 5, 2016, wherein there was a substantive discussion of every item presented to the Court in this motion and, despite their best efforts, counsel for the parties were unable to resolve the matters presented.  Additionally counsel for movant, Thinkstream Acquisition, LLC, attempted to reach counsel for defendant, First NBC Bank, by telephone a second time to discuss these matters on December 7, 2016, but defendant's counsel was unavailable.

Certified this _____9th_____ day of December, 2016.

_____
Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

2821107-1



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532               DIVISION "A-15"          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____   _____
                                              DEPUTY CLERK

### RULE TO SHOW CAUSE

Considering the motion to compel of Plaintiff, Thinkstream Acquisition, LLC,

IT IS HEREBY ORDERED that Defendant, First NBC Bank, show cause on the
20th day of January, 2017, 2016, at 9:00 a.m. why Plaintiff's motion to compel
should not be granted.                    DEC 12 2016

New Orleans, Louisiana, this _____ day of _____, 2016.

                              (Sgd.) Tiffany Gautier Chase
                              Judge - Division "A"
                    _____
                                    J U D G E

**PLEASE SERVE:**

First NBC Bank
Through its attorney of record,
William D. Aaron, Jr.
DeWayne L. Williams
Anna Rainer
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170

A TRUE COPY

_____
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

Pursuant to Rule 3.540 of the Rules for La.
District Courts, oppositions not received at
least eight (8) calendar days before the
hearing will not be considered or argued.

ANY MOTION REMOVED FROM THE DOCKET AFTER THE
CASE IS SET FOR HEARING WILL REQUIRE THE MOVING
ATTORNEY TO FILE A MOTION CONTINUING/
DISMISSING THE MOTION INTO THE RECORD.

JUDGE TIFFANY G. CHASE, DIVISION A

2821107-1



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                    DIVISION "A-15"            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____   _____
                                              DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

On September 22, 2016, Plaintiff Thinkstream Acquisition LLC filed its Petition against Defendant First NBC, and served therewith Requests for Admissions, Interrogatories, and Requests for Production of Documents. The defendant requested a thirty-day delay to respond, which plaintiff consented to, and accordingly defendant filed its Answer and Responses to the Requests for Admissions and Interrogatories on November 14, 2016. In many of its responses the defendant stated that particular documents were the best evidence of their contents, but the defendant failed to supply any documents or to make any response whatsoever to the requests for production. It has now been more than two months since the responses were due, and the plaintiff is suffering economic hardship and damages as a result of its inability to move this suit forward. Undersigned counsel has contacted or attempted to contact defendant's counsel by telephone and email, but despite these exchanges the responses have not been received.

Accordingly, Plaintiff moves the Court for an Order compelling Defendant to fully respond to the Requests for Production, without objection.

Plaintiff further prays that in the event defendant files responses before the hearing date for this motion, and in the event that those responses are incomplete or insufficient, the Court allow plaintiff to supplement this Motion to Compel and hear this motion on the date originally set by the Court.

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon

all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed

and/or electronic transmission this _____ day of December, 2016.

FILED

'17 DEC 8 A 11: 54

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532            DIVISION "A-15"            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____    _____

DEPUTY CLERK

## MOTION TO COMPEL RESPONSES TO DISCOVERY

Plaintiff, Thinkstream Acquisition, LLC, respectfully moves this Honorable Court for an order compelling defendant, First NBC Bank, to respond fully, without objection, to plaintiff's discovery requests. Defendant has failed to respond despite plaintiff's request for a response. *See* Civil Rule 10.1 Certificate.

Accordingly, plaintiff, Thinkstream Acquisition, LLC, requests that the Court grant this motion and compel defendant, First NBC Bank, to respond to the requests for production, without objection. Plaintiff further prays that in the event defendant files responses before the hearing date for this motion, and in the event that those responses are incomplete or insufficient, the Court allow plaintiff to supplement its Motion to Compel and hear this motion on the date originally set by the Court. Plaintiff, Thinkstream Acquisition, LLC, also requests that the Court award the costs and fees associated with this motion. A supporting memorandum is attached.

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

2821107-1

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this _____ day of December, 2016.



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                    DIVISION "A-15"              DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____     _____
                                           DEPUTY CLERK

### RULE 10.1 CERTIFICATE OF CONFERENCE

    Counsel for movant, Thinkstream Acquisition, LLC, and counsel for defendant, First

NBC Bank, conducted a telephone conference on December 5, 2016, wherein there was a

substantive discussion of every item presented to the Court in this motion and, despite their best

efforts, counsel for the parties were unable to resolve the matters presented.  Additionally

counsel for movant, Thinkstream Acquisition, LLC, attempted to reach counsel for defendant,

First NBC Bank, by telephone a second time to discuss these matters on December 7, 2016, but

defendant's counsel was unavailable.

    Certified this _____9th_____ day of December, 2016.


                        _____
                        Robert S. Rooth (La. Bar. No. 11454) T.A.
                        Anthony P. Dunbar (La. Bar No. 16765)
                        Peter J. Rotolo (La. Bar No.21848)
                        Amy L. McIntire (La. Bar No. 35241)
                        CHAFFE McCALL, L.L.P.
                        2300 Energy Centre, 1100 Poydras Street
                        New Orleans, Louisiana 70163-2300
                        Telephone: (504) 585-7000
                        Telefax: (504) 544-6088
                        E-mail: rooth@chaffe.com
                        *Attorneys for Thinkstream Acquisition, LLC*



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                     DIVISION "A-15"                DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____            _____
                                                DEPUTY CLERK

RULE TO SHOW CAUSE

Considering the motion to compel of Plaintiff, Thinkstream Acquisition, LLC,

IT IS HEREBY ORDERED that Defendant, First NBC Bank, show cause on the ____ day of January, ~~2016~~ 2017, at 9ᵒᵒ a.m. why Plaintiff's motion to compel should not be granted.

New Orleans, Louisiana, this _____ day of **DEC 12 2016**, 2016.

(Sgd.) Tiffany Gautier Chase
Judge - Division "A"

_____
                J U D G E

**PLEASE SERVE:**

First NBC Bank
Through its attorney of record,
William D. Aaron, Jr.
DeWayne L. Williams
Anna Rainer
201 St. Charles Avenue
Suite 3800
New Orleans, LA  70170

Pursuant to Rule 9.9(b) of the Rules for La.
District Court, oppositions not received at
least eight (8) calendar days before the
hearing will not be considered or argued.

ANY MOTION REMOVED FROM THE DOCKET AFTER THE
CASE IS SET FOR HEARING WILL REQUIRE THE MOVING
ATTORNEY TO FILE A MOTION CONTINUING/
DISMISSING THE MOTION INTO THE RECORD.

JUDGE TIFFANY G. CHASE, DIVISION A

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

2821107-1



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                    DIVISION "A-15"                DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____   _____

                                            DEPUTY CLERK

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

On September 22, 2016, Plaintiff Thinkstream Acquisition LLC filed its Petition against Defendant First NBC, and served therewith Requests for Admissions, Interrogatories, and Requests for Production of Documents. The defendant requested a thirty-day delay to respond, which plaintiff consented to, and accordingly defendant filed its Answer and Responses to the Requests for Admissions and Interrogatories on November 14, 2016. In many of its responses the defendant stated that particular documents were the best evidence of their contents, but the defendant failed to supply any documents or to make any response whatsoever to the requests for production. It has now been more than two months since the responses were due, and the plaintiff is suffering economic hardship and damages as a result of its inability to move this suit forward. Undersigned counsel has contacted or attempted to contact defendant's counsel by telephone and email, but despite these exchanges the responses have not been received.

Accordingly, Plaintiff moves the Court for an Order compelling Defendant to fully respond to the Requests for Production, without objection.

Plaintiff further prays that in the event defendant files responses before the hearing date for this motion, and in the event that those responses are incomplete or insufficient, the Court allow plaintiff to supplement this Motion to Compel and hear this motion on the date originally set by the Court.

2821107-1

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar. No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this _____ day of December, 2016.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2016-9532

DIVISION "A" CIVIL DISTRICT COURT

FILED

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED                                    DEPUTY CLERK

## MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

This memorandum is being submitted on behalf of Defendant, First NBC Bank (hereinafter referred to as "Defendant" or "First NBC"), in opposition to the Motion to Compel filed by Thinkstream Acquisition, LLC, (hereinafter referred to as "Thinkstream"). A copy of this memorandum has been served on counsel for Plaintiff in compliance with Louisiana Code of Civil Procedure Article 1313.

## LAW AND ARGUMENT

This opposition memorandum is being filed out of an abundance of caution, as Defendant expects to have responded to the outstanding discovery responses prior to the hearing on this matter. Notably, the delay in responding is due to the fact that many of the requests relate to possible production of financial documents of other bank customers who are not parties to this lawsuit. Specifically, certain productions call for possible production of documents relating to the financial situation of Barry L. Bellue, Sr.

Under certain regulations, a bank may be precluded from disclosing sensitive financial information entrusted to it by customers. Specifically, La.R.S. 6:333 (B) establishes the following:

§ 6:333. Disclosure of financial records; reimbursement of costs.

...no bank or its affiliate shall disclose any financial records to any person other than the customer to whom the financial records pertain, unless such financial records are disclosed:
(1) In response to a disclosure demand in accordance with the provisions of Subsection C of this Section.
(2) Pursuant to a written request or authorization for disclosure or waiver which meets the requirements of Subsection E of this Section.
(3) As otherwise permitted or allowed by this Section.

Subsection C of the Section reads, in pertinent part, as follows:

A bank may disclose financial records pursuant to a disclosure demand if each of the following conditions are met:

(1) The disclosure demand is served on the bank's president, one of the bank's registered agents for service of process, or, if applicable, on the bank's counsel of record unless such service on such individuals is expressly waived by the bank.

(2) Prior to the return date, the person requesting the issuance of the disclosure demand furnishes the bank with an affidavit certifying both of the following:

    (a) That such disclosure demand, or a certified copy thereof, has also been personally served upon each customer named in the disclosure demand to whom the financial records being sought pertain or upon such customer's counsel of record in accordance with Subsection D of this Section.

    (b) That such service was made at least fifteen business days prior to the return date.

(3) The bank has not received written notice that a customer to whom the financial records pertain has taken legal action to enjoin or otherwise restrain the release of the financial records.

Finally, subsection E of the section reads, in pertinent part, as follows:

A customer, or an attorney at law representing such customer, may authorize disclosure of the customer's financial records by providing the bank with a signed and dated statement which authorizes such disclosure, specifies the person to whom such financial records may be disclosed, and reasonably identifies the financial records which are authorized to be disclosed. Any such statement signed by an attorney at law stating or certifying that he represents a customer may, at the bank's discretion, be relied upon and shall constitute proper authority for disclosure pursuant to this Section.

As Barry Bellue, Sr. is not a party to this lawsuit, and FNBC has not received any documents that would be in compliance with La.R.S. 6:333, FNBC is simply trying to be as careful as possible not to violate the statute. Nevertheless, FNBC is attempting to gather documents that would be responsive to the discovery requests and not be in violation of La.R.S. 6:333.

CONCLUSION

FNBC maintains that Plaintiff's Motion to Compel should be denied insofar as it seeks to have FNBC violate La.R.S. 6:333 without proper documentation.

Respectfully submitted:

AARON & GIANNA, PLC

WILLIAM D. AARON, JR. (LSBA #2267)T.A.
DeWAYNE L. WILLIAMS (LSBA #27685)
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170
Telephone: (504) 569-1800
Facsimile: (504) 569-1801

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served

upon all counsel of record Via Certified U.S. Mail, this 12th day of January, 2017.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                    DIVISION "A-15"          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____   _____
                                        DEPUTY CLERK

### UNOPPOSED MOTION TO CONTINUE HEARING ON MOTION TO COMPEL RESPONSES TO DISCOVERY

Plaintiff, Thinkstream Acquisition, LLC ("Thinkstream"), respectfully moves this Honorable Court for an order continuing the hearing on Thinkstream's Motion to Compel Responses to Discovery, for the reason that defendant, First NBC Bank delivered digital copies of numerous documents yesterday, and Thinkstream requires additional time to review these documents and to see whether they are fully responsive to the discovery requests. Defendant First NBC Bank, has no objection to this continuance.

Accordingly, plaintiff, Thinkstream Acquisition, LLC, requests that the Court grant this motion and reset the hearing on Thinkstream's Motion to Compel Responses to Discovery until the Court's first rule date on or after February 3, 2017.

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*



2821107-1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                    DIVISION "A-15 "          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____   _____

DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the motion to compel of Plaintiff, Thinkstream Acquisition, LLC.

**IT IS HEREBY ORDERED** that Defendant, First NBC Bank, show cause on the ___3rd___

day of ___March___ , 2017, at ___9⁰⁰___ a.m. why Plaintiff's motion to compel should not be

granted.

New Orleans, Louisiana, this _____ day of ___JAN 20 2017___ , 2017.

_____
JUDGE

Judge Tiffany G. Chase

## SERVICE IS WAIVED BY:

First NBC Bank
Through its attorney of record,
William D. Aaron, Jr.
DeWayne L. Williams
Anna Rainer
201 St. Charles Avenue
Suite 3800
New Orleans, LA  70170

ANY MOTION REMOVED FROM THE DOCKET AFTER THE
CASE IS SET FOR HEARING WILL REQUIRE THE MOVING
ATTORNEY TO FILE A MOTION CONTAINING
DISMISSING THE MOTION INTO THE RECORD

ENTERED ON MINUTES   JUDGE TIFFANY G. CHASE, DIVISION A

CHARLENE WILLIAMS

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA

2017 FEB -3 P 4: 41

NO.   2016-9532          DIVISION "A-15"          DOCKET NO.

CIVIL

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____          _____

DEPUTY CLERK

## MOTION AND ORDER TO APPOINT SPECIAL PROCESS SERVER

NOW COMES plaintiff, Thinkstream Acquisition, LLC, who desires to serve a subpoena duces tecum on **Barry L. Bellue, Sr.**, a non-party who resides in Prairieville, Louisiana, pursuant to La. R.S. 6:333. In support of this motion, plaintiff shows that La. R.S. 6:333(D) permits service of the subpoena to be "made by an individual who is not a party and who is at least eighteen years of age, rather than by the sheriff." Given the statute and the fact that Mr. Bellue resides in Prairieville, Louisiana, Thinkstream Acquisition, LLC respectfully requests that the Court appoint any person at least eighteen years of age and not a party to this suit as Special Serving Officer authorized to make service of process in the same manner as is required of the Sheriff.

IT IS ORDERED that any person at least eighteen years of age and not a party to this suit and is hereby appointed Special Serving Officer authorized to effectuate service on **Barry L. Bellue, Sr.**, of the subpoena duces tecum and Attachment "A" thereto, the Motion and Order to Appoint Special Process Server, and any other process or notices required to be served in this proceeding, in the same manner as is required of the Sheriff.

New Orleans, Louisiana, this ___ day of _**FEB 0 6 2017**___, 2017.

_____
Sgd, Paulette R. Irons
Judge, Division M. Section 15

Process Server
**PLEASE SERVE – PERSONAL SERVICE ONLY**
Barry L. Bellue, Sr.
18469 Plantation Court Drive
Prairieville, LA 70769

Respectfully submitted:

_____
Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)

Amy L. McIntire (La. Bar No.35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

ENTERED ON MINUTES

CHARLENE WILLIAMS

VERIFIED

## CERTIFICATE OF SERVICE

I do hereby certify on this _____ day of February, 2017, a copy of the foregoing was served upon counsel of record to this proceeding, by e-mailing or mailing the same by United States mail, properly addressed, and first class postage prepaid.

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA 2017 FEB -3 P 4: 44

CIVIL **SUBPOENA**
CIVIL COURT
DISTRICT COURT

No. 2016-9532      DIVISION " A-15 "      Docket No. _____

DALE N. ATKINS

Thinkstream Acquisition LLC CIVIL DISTRICT COURT
VS. 402 CIVIL COURTS BUILDING
First NBC Bank 421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112

TO:   Barry L. Bellue, Sr., 18469 Plantation Court Dr., Prairieville, LA 70769
504-407-6666

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed
below.

Receipt Number   610445

Cashier    efrankston

**SUBPOENA REQUEST**

[   ] **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division
"____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____ 648-02622, 20____ at
_____ o'clock _____.m., to testify the truth according to your knowledge, in a controversy pending
herein between the parties above named; and hereof you are not to fail under the penalty of the law. By order
of the Court.

Amount Received   $ 20.00

Balance Due    $ 0.00

$ 0.00

**DEPOSITION SUBPOENA REQUEST**

[   ] **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the
taking of a deposition in the above case.

Payment / Transaction List

Check # 04311 $20.00

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

**REQUEST FOR WRIT OF SUBPOENA DUCES TECUM**

| | Item | Charged | Paid | Bal |
|---|---|---|---|---|
[ ✓ ] **YOU ARE COMMANDED** to produce and permit inspection and copying of the following docu-
ments or objects for the _____ trial, X deposition, or _____ hearing (state type)

Subpoena Duces Tecum   $0.00   $0.00   $0.00

_____ at the place, date and time specified below (list documents or objects) pursuant to the $0.00
provisions of Article 1354 et. seq. of the LA Code of Civil Procedure. and La. R.S. 6:333.

**NOTICE: ARTICLE 1354 APPEARS IN FULL ON BACK OF SERVICE COPY**

Any and documents listed on Attachment "A" ("Thinkstream Acquisition, LLC's Request
for Production of Documents and Electronically Stored Information Propounded to First
NBC Bank")

| PLACE | DATE AND TIME |
|---|---|
| Chaffe McCall, L.L.P., 1100 Poydras St., Suite 2300, New Orleans, LA 70163 | March 13, 2017 at 9:00 a.m. |

DALE N. ATKINS, CLERK
CIVIL DISTRICT COURT

Issued at the request of; and,
Fees and cost guaranteed by undersigned

ATTORNEY      _____
             Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER    Robert S. Rooth (#11454)

ADDRESS
&
TELEPHONE NUMBER    1100 Poydras St., Suite 2300

            New Orleans, LA 70163

            (504) 585-7000

File original and two copies with Clerk
fourth copy for Attorney's File

ORIGINAL REQUEST

E-105

VERIFIED bem
2.6.17

FILED

2017 FEB -3  P 4: 44

CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 16 - 9532   DIVISION " "  A      DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____      _____
                                    DEPUTY CLERK

THINKSTREAM ACQUISITION, LLC.'S REQUESTS FOR PRODUCTION
OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION
PROPOUNDED TO FIRST NBC BANK

TO:   First NBC Bank
      Through its Agent for Service of Process:
      Marsha S. Crowle
      Chief Compliance Officer
      210 Baronne Street
      New Orleans, LA 70112

      Thinkstream Acquisition, LLC (hereinafter "Thinkstream LLC") propounds the following requests for documents and Electronically Stored Information to be answered by First NBC Bank (hereinafter "First NBC"). First NBC is to answer these document requests separately, fully, in writing and under oath, in accordance with the Louisiana Code of Civil Procedure and in accordance with the following definitions and instructions, which are incorporated into each of the document requests as though set forth entirely in each. These document requests are made continuing, and supplemental answers are required promptly. You are requested to produce all Electronically Stored Information responsive to this Request in its native format with all associated Metadata intact.

      Unless otherwise specified in a particular numbered item of this Request, the temporal scope of this Request is the period from January 1, 2015 to date.

DEFINITIONS

      As used herein:

2766504-1
2774261-1

VERIFIED

ATTACHMENT "A"

1. "First NBC" means and refers to First NBC Bank along with its officers, directors, members, employees, representatives and agents.

2. "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as Purchaser.

3. "Thinkstream INC" means and refers to Thinkstream Incorporated, a Delaware corporation.

4. "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase Agreement, to wit:

> (1) Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the "2013 Note");
>
> (2) Commercial Security Agreement dated March 22, 2013, executed by Thinkstream INC in favor of First NBC;
>
> (3) Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;
>
> (4) Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");
>
> (5) Any and all mortgages on real property granted as security for indebtedness conveyed herein.
>
> (6) Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");
>
> (7) The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

4. "Collateral" means any and all collateral held by First NBC at any time to secure the payment of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents" herein.

5. "Common Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note and the Bellue Guaranty.

6.    "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as evidenced by that promissory note dated January 27, 2015, in the original amount of $2,238,632.27.

7.    "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC.

8.    "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.

9.    "Communication" means any transmittal of information of any kind, whether in the form of a document, letter, e-mail, note, message, or other form.

10.    "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

11.    "Escrow Account" means and refers to that account at First NBC established at pursuant to a Debt Service Reserve Escrow Agreement ("Escrow Agreement") between the parties, also dated as of December 15, 2015.

12.    "Documents" means and refers to documents or Electronically Stored Information of any type or description, or any means of storage of information, including, without limitation, writing in any form, any physical expression of information, and/or any means of storage of information, and "Documents" includes, without limitation, any loan document, correspondence, communication, memorandum, agreement, letter, hand or typewritten note, e-mail or electronic mail, text message, invoice, receipt, computer printout, computer tape, computer diskette, audiotape, audio recording, microfilm, videotape, tape recording, photograph, inter-company and intra-company communication or any other item of a similar nature. "Documents" specifically includes drafts and/or copies of any of the foregoing items.

13.    "Relating to" shall mean concerning, containing, regarding, discussing, pertaining to, reflecting, relevant to, commenting upon, having some connection to, including, embodying or



evidencing, and should be construed in the broadest sense of the term. An analogous meaning shall apply to the terms "relate," "related," "relating," and other derivations of these words.

14.    "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

15.    Words shall be construed in the singular or plural form.

16.    The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

17.    "Metadata" includes information embedded in an electronic document or file describing, inter alia, its creation, revision history, tracking and management that is generally not visible or retrievable when an electronic document is printed or converted to an image file.

18.    "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

19.    "Electronically stored information" means information that is stored in an electronic medium and is retrievable in perceivable form.

INSTRUCTIONS

A.    This Request seeks all responsive documents and information that are in your possession, custody, or control and all documents and information that are in the possession, custody, or control of your agents, employees, attorneys or other representatives. This Request shall be deemed to be continuing so that any additional information and documents responsive to this Request which you acquire or which become known to you up to and including the time of trial shall be furnished to the requesting party promptly after such information or documents are acquired by or become known to you.

B.    If any information called for by this Request is withheld on the grounds of a claim or objection based on the attorney-client privilege, the attorney work-product doctrine, or any

other privilege or basis, state in your response, as to each document or category of information you refuse to produce or disclose:

    1. the nature of the privilege or work product doctrine you claim is applicable and a description of the facts and the basis of applicability of the particular privilege or objection to each such document or category of information;

    2. if a document is involved, the date, the author, its recipient(s) and all persons who received copies of it, including the general subject matter of the document, and the identity of each person who has seen the document; and

    3. if a communication is involved, the names of the persons involved in the communication, the general subject matter of the communication, and an explanation of the circumstances of the communication.

    C.    With respect to each document otherwise responsive to this Request which has been lost or destroyed since its preparation or receipt, identify the document, state the item number of the Request to which it would otherwise be responsive, and give the full particulars or circumstances of the loss or destruction of the document.

    D.  Organize or label all documents you produce by reference to the number of the particular item of this Request to which they are responsive.

    E.  If a document is responsive to this Request and is within your control, but is not in your possession or custody, identify the person who has possession or custody of the document. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the dates or approximate dates on which such disposition was made, and why.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1

Please produce any and all Documents relating in any way to First NBC's decision to sell the Loan Documents to Thinkstream LLC.

**REQUEST FOR PRODUCTION NO. 2**

Please produce any and all Documents relating in any way to the negotiations for the sale of the Loan Documents, including any drafts of, or comments on drafts of, the Purchase Agreement.

**REQUEST FOR PRODUCTION NO. 3**

Please produce any and all Documents relating in any way to the collateral that First NBC held as collateral security for the repayment of the 2013 Note or the Bankruptcy Note, including any and all Documents relating in any way to the value of each item of Collateral at the time of the execution of the 2013 Note and the Bankruptcy Note, the value of each item of Collateral at the time of the execution of the Purchase Agreement, or the value of each item of Collateral at the present.

**REQUEST FOR PRODUCTION NO. 4**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon each item of Collateral, including those "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

**REQUEST FOR PRODUCTION NO. 5**

Please produce any and all Documents relating in any way to the current status or value of the "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

**REQUEST FOR PRODUCTION NO. 6**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon two real estate lots owned by Barry L. Bellue, Sr., in the Zee Zee Gardens area of Baton Rouge, Louisiana.

**REQUEST FOR PRODUCTION NO. 7**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon any brokerage accounts at Morgan Stanley in the names of Barry L. Bellue, Sr., and Barry Lee Bellue, Jr., with a value of approximately $227,000.00, which were purportedly pledged to secure the obligations of Thinkstream INC to First NBC.

## REQUEST FOR PRODUCTION NO. 8

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon the personal residence of Barry L. Bellue, Sr., in Baton Rouge, Louisiana.

## REQUEST FOR PRODUCTION NO. 9

Please produce any and all Documents relating in any way any of the collateral that First NBC held as collateral security for the repayment of the Bellue Note or the Common Collateral, including any and all Documents relating in any way to the value of each item of collateral for the Bellue Note and Common Collateral at the time of the Bellue Note's execution, the value of each item of the Bellue Collateral and the Common Collateral at the time of the execution of the Purchase Agreement; or the value of each item of the Bellue Collateral and the Common Collateral at the present.

## REQUEST FOR PRODUCTION NO. 10

Please produce any and all Documents relating in any way to First NBC's efforts foreclose upon or otherwise collect upon the Bellue Collateral or the Common Collateral.

## REQUEST FOR PRODUCTION NO. 11

Please produce any and all Documents relating in any way to the current status of value of the Bellue Collateral or the Common Collateral.

## REQUEST FOR PRODUCTION NO. 12

Please produce any and all Documents relating in any way to the application of payments that were used to pay principal, interest or bank charges on the Thinkstream LLC Note and the outstanding balance of principal and interest due with respect to the Thinkstream LLC Note from December 15, 2015, to the present, on a monthly basis.

## REQUEST FOR PRODUCTION NO. 13

Please produce any and all Documents relating in any way to any deductions from or additions to the Escrow Account, including the purpose of those deductions and the source of those additions, from December 15, 2015, to the present, on a monthly basis.

## REQUEST FOR PRODUCTION NO. 14

Please produce any and all Documents relating in any way to First NBC's risk rating, loan classification, and/or internal valuation of the loans represented by the 2013 Note, the Bankruptcy Note, or the Bellue Note, at any time prior to the time of the execution of the Purchase Agreement.

## REQUEST FOR PRODUCTION NO. 15

Please produce any and all Documents relating in any way to the payment and delinquency status of the Bellue Note or the Thinkstream LLC Note.

## REQUEST FOR PRODUCTION NO. 16

Please produce any and all Documents relating in any way to First NBC's mortgage on the 1,636 Acres of Donegal Road, Woodville, MS ("Mississippi Property") owned by Barry L. Bellue, Sr., including all appraisals of the Mississippi Property or the mineral rights therein.

## REQUEST FOR PRODUCTION NO. 17

Please produce any and all Documents relating in any way to the "Letters of Credit and Certificates of Deposit" including all communications with the depositary banks or deposit account holders of the Certificates of Deposit and all communications with the issuing banks or applicants of the Letters of Credit.

## REQUEST FOR PRODUCTION NO. 18

Please produce any and all Documents relating in any way to any account into which First NBC has placed the proceeds of the foreclosure or collection upon any of the Bellue Collateral, the Collateral or the Common Collateral, including the names of each account holder and all account statements.

## REQUEST FOR PRODUCTION NO. 19

Please produce any and all Documents relating in any way to any disbursements of any proceeds of collections on any of the Bellue Collateral, the Collateral, or the Common Collateral.

## REQUEST FOR PRODUCTION NO. 20

Please produce any and all Documents relating in any way to any meetings of any loan committee, audit committee or other committee that refer to the 2013 Note, the Bankruptcy Note,

the Bellue Note, the Thinkstream LLC Note, or the Purchase Agreement, including all minutes thereof.

## REQUEST FOR PRODUCTION NO. 21

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr., relating in any way to: Thinkstream INC, Thinkstream LLC, the bankruptcy of Thinkstream INC, the Thinkstream LLC Note, TSB Ventures, LLC, the 2013 Note, or the Bankruptcy Note.

## REQUEST FOR PRODUCTION NO. 22

Please produce any and all correspondence between First NBC and any and all attorneys representing Thinkstream INC and/or Barry L. Bellue, Sr.

## REQUEST FOR PRODUCTION NO. 23

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr.

## REQUEST FOR PRODUCTION NO. 24

Please produce any and all correspondence and communications between and among First NBC personnel related to: Barry L. Bellue, Thinkstream INC, Thinkstream LLC, and/or TSB Ventures, LLC.

## REQUEST FOR PRODUCTION NO. 25

Please produce any and all Documents related in any way to interest payments received by First NBC related to the 2013 Note.

## REQUEST FOR PRODUCTION NO. 26

Please produce any and all Documents related in any way to any loans made by First NBC to Thinkstream INC and to Barry L. Bellue, Sr.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE SERVE:

First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA  70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

**FILED**

STATE OF LOUISIANA

2017 FEB -3  P 4: 43

NO.   2016-9532          DIVISION "A-15"          DOCKET NO.
                                                  CIVIL
                                                  ~ ~ COURT

THINKSTREAM ACQUISITION, LLC

VERSUS

DALE N. ATKINS

FIRST NBC BANK    CIVIL DISTRICT COURT
                  402 CIVIL COURTS BUILDING
FILED: _____  421 LOYOLA AVENUE - ROOM 402
                  NEW ORLEANS  **DEPUTY CLERK**
                  604- 407- 0000

**NOTICE OF RECORDS DEPOSITION**

Receipt Date       2/3/2017 4:45:00 PM
                   610444

TO:   Defendant, First NBC Bank
      Through Its Counsel of Record
      William D. Arron, Jr.
      Aaron & Gianna, PLC
      201 St. Charles Ave., Suite 3800
      New Orleans, LA 70170

Cashier            ehankston
Register           CDCCASH3

Case Number        2016 - 09532

Grand Total        $ 20.00
Amount Received     $ 20.00
Balance Due        $ 0.00
Change Due         $ 0.00

PLEASE TAKE NOTICE, that pursuant to the Louisiana Code of Civil Procedure,
Check # 04311 $20.00

plaintiff, Thinkstream Acquisition, LLC, through undersigned counsel, will take the deposition

of Barry L. Bellue, Sr., **for purposes of production of records only**, on the 13th day of March,

2017, beginning at 9:00 a.m. and thereafter from day to day as the taking of the deposition may

be adjourned, at the offices of Chaffe McCall, L.L.P., 2300 Energy Centre, 1100 Poydras Street,

Item               Charged  Paid   Bal
Notice of Deposition       $0.00         $0.00
Exhibits(paper)    $20.00   $20.00 $0.00

New Orleans, Louisiana 70163, at which time and place you are hereby notified to appear and

take part in such manner as you shall see fit and proper.

Plaintiff has caused a subpoena duces tecum to be issued for documents in the possession

or control of Barry L. Bellue, Sr. in accordance with La. R.S. 6:333 and 13:3733 to produce the

documents listed on the attached Exhibit A – "Thinkstream Acquisition, LLC's Request for

Production of Documents and Electronically Stored Information Propounded to First NBC

Bank."

New Orleans, Louisiana, this _____ day of February, 2017

VERIFIED
2.6.17

Respectfully submitted:

_____
Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*


## CERTIFICATE OF SERVICE

I do hereby certify on this 3rd day of February, 2017, a copy of the foregoing was served upon counsel of record to this proceeding, by e-mailing or mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

2854161-1



FILED

2017 FEB -3  P 0:43

CIVIL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. *16 - 9532*   DIVISION " "  A   DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____

_____
DEPUTY CLERK

### THINKSTREAM ACQUISITION, LLC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION PROPOUNDED TO FIRST NBC BANK

TO:   First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA 70112

Thinkstream Acquisition, LLC (hereinafter "Thinkstream LLC") propounds the following requests for documents and Electronically Stored Information to be answered by First NBC Bank (hereinafter "First NBC"). First NBC is to answer these document requests separately, fully, in writing and under oath, in accordance with the Louisiana Code of Civil Procedure and in accordance with the following definitions and instructions, which are incorporated into each of the document requests as though set forth entirely in each. These document requests are made continuing, and supplemental answers are required promptly. You are requested to produce all Electronically Stored Information responsive to this Request in its native format with all associated Metadata intact.

Unless otherwise specified in a particular numbered item of this Request, the temporal scope of this Request is the period from January 1, 2015 to date.

### DEFINITIONS

As used herein:

2766504-1
2774261-1



EXHIBIT
A

1.  "First NBC" means and refers to First NBC Bank along with its officers, directors, members, employees, representatives and agents.

2.  "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as Purchaser.

3.  "Thinkstream INC" means and refers to Thinkstream Incorporated, a Delaware corporation.

4.  "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase Agreement, to wit:

> (1)  Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the "2013 Note");
>
> (2)  Commercial Security Agreement dated March 22, 2013, executed by Thinkstream INC in favor of First NBC;
>
> (3)  Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;
>
> (4)  Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");
>
> (5)  Any and all mortgages on real property granted as security for indebtedness conveyed herein.
>
> (6)  Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");
>
> (7)  The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

4.  "Collateral" means any and all collateral held by First NBC at any time to secure the payment of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents" herein.

5.  "Common Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note and the Bellue Guaranty.

6.    "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as evidenced by that promissory note dated January 27, 2015, in the original amount of $2,238,632.27.

7.    "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC.

8.    "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.

9.    "Communication" means any transmittal of information of any kind, whether in the form of a document, letter, e-mail, note, message, or other form.

10.    "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

11.    "Escrow Account" means and refers to that account at First NBC established at pursuant to a Debt Service Reserve Escrow Agreement ("Escrow Agreement") between the parties, also dated as of December 15, 2015.

12.    "Documents" means and refers to documents or Electronically Stored Information of any type or description, or any means of storage of information, including, without limitation, writing in any form, any physical expression of information, and/or any means of storage of information, and "Documents" includes, without limitation, any loan document, correspondence, communication, memorandum, agreement, letter, hand or typewritten note, e-mail or electronic mail, text message, invoice, receipt, computer printout, computer tape, computer diskette, audiotape, audio recording, microfilm, videotape, tape recording, photograph, inter-company and intra-company communication or any other item of a similar nature. "Documents" specifically includes drafts and/or copies of any of the foregoing items.

13.    "Relating to" shall mean concerning, containing, regarding, discussing, pertaining to, reflecting, relevant to, commenting upon, having some connection to, including, embodying or



evidencing, and should be construed in the broadest sense of the term. An analogous meaning shall apply to the terms "relate," "related," "relating," and other derivations of these words.

14.    "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

15.    Words shall be construed in the singular or plural form.

16.    The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

17.    "Metadata" includes information embedded in an electronic document or file describing, inter alia, its creation, revision history, tracking and management that is generally not visible or retrievable when an electronic document is printed or converted to an image file.

18.    "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

19.    "Electronically stored information" means information that is stored in an electronic medium and is retrievable in perceivable form.

## INSTRUCTIONS

A.    This Request seeks all responsive documents and information that are in your possession, custody, or control and all documents and information that are in the possession, custody, or control of your agents, employees, attorneys or other representatives. This Request shall be deemed to be continuing so that any additional information and documents responsive to this Request which you acquire or which become known to you up to and including the time of trial shall be furnished to the requesting party promptly after such information or documents are acquired by or become known to you.

B.    If any information called for by this Request is withheld on the grounds of a claim or objection based on the attorney-client privilege, the attorney work-product doctrine, or any

other privilege or basis, state in your response, *as to each document or category of information* you refuse to produce or disclose:

1. the nature of the privilege or work product doctrine you claim is applicable and a description of the facts and the basis of applicability of the particular privilege or objection to each such document or category of information;

2. if a document is involved, the date, the author, its recipient(s) and all persons who received copies of it, including the general subject matter of the document, and the identity of each person who has seen the document; and

3. if a communication is involved, the names of the persons involved in the communication, the general subject matter of the communication, and an explanation of the circumstances of the communication.

C.     With respect to each document otherwise responsive to this Request which has been lost or destroyed since its preparation or receipt, identify the document, state the item number of the Request to which it would otherwise be responsive, and give the full particulars or circumstances of the loss or destruction of the document.

D.  Organize or label all documents you produce by reference to the number of the particular item of this Request to which they are responsive.

E.  If a document is responsive to this Request and is within your control, but is not in your possession or custody, identify the person who has possession or custody of the document. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the dates or approximate dates on which such disposition was made, and why.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

Please produce any and all Documents relating in any way to First NBC's decision to sell the Loan Documents to Thinkstream LLC.

**REQUEST FOR PRODUCTION NO. 2**

Please produce any and all Documents relating in any way to the negotiations for the sale of the Loan Documents, including any drafts of, or comments on drafts of, the Purchase Agreement.

**REQUEST FOR PRODUCTION NO. 3**

Please produce any and all Documents relating in any way to the collateral that First NBC held as collateral security for the repayment of the 2013 Note or the Bankruptcy Note, including any and all Documents relating in any way to the value of each item of Collateral at the time of the execution of the 2013 Note and the Bankruptcy Note, the value of each item of Collateral at the time of the execution of the Purchase Agreement, or the value of each item of Collateral at the present.

**REQUEST FOR PRODUCTION NO. 4**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon each item of Collateral, including those "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

**REQUEST FOR PRODUCTION NO. 5**

Please produce any and all Documents relating in any way to the current status or value of the "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

**REQUEST FOR PRODUCTION NO. 6**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon two real estate lots owned by Barry L. Bellue, Sr., in the Zee Zee Gardens area of Baton Rouge, Louisiana.

**REQUEST FOR PRODUCTION NO. 7**

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon any brokerage accounts at Morgan Stanley in the names of Barry L. Bellue, Sr., and Barry Lee Bellue, Jr., with a value of approximately $227,000.00, which were purportedly pledged to secure the obligations of Thinkstream INC to First NBC.

### REQUEST FOR PRODUCTION NO. 8

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon the personal residence of Barry L. Bellue, Sr., in Baton Rouge, Louisiana.

### REQUEST FOR PRODUCTION NO. 9

Please produce any and all Documents relating in any way any of the collateral that First NBC held as collateral security for the repayment of the Bellue Note or the Common Collateral, including any and all Documents relating in any way to the value of each item of collateral for the Bellue Note and Common Collateral at the time of the Bellue Note's execution, the value of each item of the Bellue Collateral and the Common Collateral at the time of the execution of the Purchase Agreement, or the value of each item of the Bellue Collateral and the Common Collateral at the present.

### REQUEST FOR PRODUCTION NO. 10

Please produce any and all Documents relating in any way to First NBC's efforts foreclose upon or otherwise collect upon the Bellue Collateral or the Common Collateral.

### REQUEST FOR PRODUCTION NO. 11

Please produce any and all Documents relating in any way to the current status of value of the Bellue Collateral or the Common Collateral.

### REQUEST FOR PRODUCTION NO. 12

Please produce any and all Documents relating in any way to the application of payments that were used to pay principal, interest or bank charges on the Thinkstream LLC Note and the outstanding balance of principal and interest due with respect to the Thinkstream LLC Note from December 15, 2015, to the present, on a monthly basis.

### REQUEST FOR PRODUCTION NO. 13

Please produce any and all Documents relating in any way to any deductions from or additions to the Escrow Account, including the purpose of those deductions and the source of those additions, from December 15, 2015, to the present, on a monthly basis.

### REQUEST FOR PRODUCTION NO. 14

Please produce any and all Documents relating in any way to First NBC's risk rating, loan classification, and/or internal valuation of the loans represented by the 2013 Note, the Bankruptcy Note, or the Belluc Note, at any time prior to the time of the execution of the Purchase Agreement.

### REQUEST FOR PRODUCTION NO. 15

Please produce any and all Documents relating in any way to the payment and delinquency status of the Belluc Note or the Thinkstream LLC Note.

### REQUEST FOR PRODUCTION NO. 16

Please produce any and all Documents relating in any way to First NBC's mortgage on the 1,636 Acres of Donegal Road, Woodville, MS ("Mississippi Property") owned by Barry L. Belluc, Sr., including all appraisals of the Mississippi Property or the mineral rights therein.

### REQUEST FOR PRODUCTION NO. 17

Please produce any and all Documents relating in any way to the "Letters of Credit and Certificates of Deposit" including all communications with the depositary banks or deposit account holders of the Certificates of Deposit and all communications with the issuing banks or applicants of the Letters of Credit.

### REQUEST FOR PRODUCTION NO. 18

Please produce any and all Documents relating in any way to any account into which First NBC has placed the proceeds of the foreclosure or collection upon any of the Belluc Collateral, the Collateral or the Common Collateral, including the names of each account holder and all account statements.

### REQUEST FOR PRODUCTION NO. 19

Please produce any and all Documents relating in any way to any disbursements of any proceeds of collections on any of the Belluc Collateral, the Collateral, or the Common Collateral.

### REQUEST FOR PRODUCTION NO. 20

Please produce any and all Documents relating in any way to any meetings of any loan committee, audit committee or other committee that refer to the 2013 Note, the Bankruptcy Note,

the Bellue Note, the Thinkstream LLC Note, or the Purchase Agreement, including all minutes thereof.

REQUEST FOR PRODUCTION NO. 21

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr., relating in any way to: Thinkstream INC, Thinkstream LLC, the bankruptcy of Thinkstream INC, the Thinkstream LLC Note, TSB Ventures, LLC, the 2013 Note, or the Bankruptcy Note.

REQUEST FOR PRODUCTION NO. 22

Please produce any and all correspondence between First NBC and any and all attorneys representing Thinkstream INC and/or Barry L. Bellue, Sr.

REQUEST FOR PRODUCTION NO. 23

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr.

REQUEST FOR PRODUCTION NO. 24

Please produce any and all correspondence and communications between and among First NBC personnel related to: Barry L. Bellue, Thinkstream INC, Thinkstream LLC, and/or TSB Ventures, LLC.

REQUEST FOR PRODUCTION NO. 25

Please produce any and all Documents related in any way to interest payments received by First NBC related to the 2013 Note.

REQUEST FOR PRODUCTION NO. 26

Please produce any and all Documents related in any way to any loans made by First NBC to Thinkstream INC and to Barry L. Bellue, Sr.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE SERVE:

First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA 70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532          DIVISION "A-15"          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____          _____
                                        DEPUTY CLERK

### MOTION AND ORDER TO APPOINT SPECIAL PROCESS SERVER

NOW COMES plaintiff, Thinkstream Acquisition, LLC, who desires to serve a subpoena duces tecum on **Barry L. Bellue, Sr.**, a non-party who resides in Prairieville, Louisiana, pursuant to La. R.S. 6:333. In support of this motion, plaintiff shows that La. R.S. 6:333(D) permits service of the subpoena to be "made by an individual who is not a party and who is at least eighteen years of age, rather than by the sheriff." Given the statute and the fact that Mr. Bellue resides in Prairieville, Louisiana, Thinkstream Acquisition, LLC respectfully requests that the Court appoint any person at least eighteen years of age and not a party to this suit as Special Serving Officer authorized to make service of process in the same manner as is required of the Sheriff.

IT IS ORDERED that any person at least eighteen years of age and not a party to this suit be and is hereby appointed Special Serving Officer authorized to effectuate service on **Barry L. Bellue, Sr.**, of the subpoena duces tecum and Attachment "A" thereto, the Motion and Order to Appoint Special Process Server, and any other process or notices required to be served in this proceeding, in the same manner as is required of the Sheriff.

New Orleans, Louisiana, this 06 day of _____FEB 0 6 2017_____, 2017.

_____
Sgd, Paulette R. Irons
JUDGE
Judge, Division M, Section 13

*Process Server*
**PLEASE SERVE – PERSONAL SERVICE ONLY**
Barry L. Bellue, Sr.
18469 Plantation Court Drive
Prairieville, LA 70769

Respectfully submitted:

_____
Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No.35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

FILED

2017 FEB -3 P 4 41
CIVIL DISTRICT COURT

ENTERED ON MINUTES
FEB 07 2017
CHARLENE WILLIAMS

VERIFIED
2.7.17

**CERTIFICATE OF SERVICE**

     I do hereby certify on this 3RD day of February, 2017, a copy of the foregoing was served upon counsel of record to this proceeding, by e-mailing or mailing the same by United States mail, properly addressed, and first class postage prepaid.

2

FILED

2017 FEB -8  P 3: 25

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA   DISTRICT COURT

NO.   2016-9532         DIVISION "A-15"         DOCKET NO.

THINKSTREAM ACQUISITION, LLC

ENTERED ON DOCKET
☐ SERVICE COPIES TO SHERIFF
☐ POSTCARD MAILED ☑ NOTICE MAILED
COPY ... ☐MAILED ☑GIVEN TO RUNNER
RULE DATE ...☑RECEIVED ☐ENTERED IN PLEADING

VERSUS

FIRST NBC BANK

FILED:_____

DEPUTY CLERK

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT

**MOTION FOR STATUS CONFERENCE** BUILDING

421 LOYOLA AVENUE - ROOM 402

Plaintiff, Thinkstream Acquisition, LLC, moves this Court to set a Status Conference for

504 - 407 - 0000

the purposes of setting this case for trial and entering a scheduling order setting the deadlines for

Receipt Date     2/8/2017 3:26:00 PM

amendment of pleadings, discovery cut-off, exchange of witness and exhibit lists, and any other

Cashier          smreeves

matters the Court may deem necessary.

Register         CDCCASH2

Case Number      2016 - 09532

Respectfully submitted,

| | |
|---|---|
| Grand Total | $ 47.00 |
| Amount Received | $ 47.00 |
| Balance Due | $ 0.00 |

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar. No. 16765)
Peter J. Rotolo (La. Bar No. 21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

| | Charged | Paid | Bal |
|---|---|---|---|
| Thinkstream Acquisition Co | $47.00 | $47.00 | $0.00 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this ____8____ day of February 2017, served a copy of the

foregoing pleading on counsel for all parties to this proceeding, by hand delivery, email

transmission, facsimile, or by depositing the same in the United States mail, properly addressed,

and first-class postage prepaid.

2726485-1

VERIFIED by
2.14.17

FILED

2017 FEB -8 P 3: 25

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL
DISTRICT COURT

NO.    2016-9532        DIVISION "A-15 "        DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____        _____

DEPUTY CLERK

O R D E R

Considering the foregoing Motion for Status Conference;

IT IS ORDERED that a Status Conference will be held on the 21st day of

March , 2017 at 10:30 o'clock A .M.

New Orleans, Louisiana, this 10th day of February, 2017.

_____
Keisha G. Means, Minute Clerk
Division "A"
By Order Of The Court

THE REPRESENTATIVES FOR ALL PARTIES
MUST BE FAMILIAR WITH AND PREPARED TO
DISCUSS THE PERTINENT DETAILS OF THE
CASE AS TO FACILITATE THE SCHEDULING
PROCESS.

THE REPRESENTATIVES FOR ALL PARTIES
MUST BE FAMILIAR WITH AND PREPARED TO
DISCUSS THE PERTINENT DETAILS OF THE
CASE SO AS TO FACILITATE THE SCHEDULING
PROCESS.

**PLEASE SEND NOTICES TO:**

William D. Aaron, Jr. (La. Bar No. 2267)
DeWayne L. Williams (La. Bar No. 27685)
Aaron & Gianna, PLC
201 St. Charles Avenue
Suite 3800
New Orleans, LA  70170
Attorneys for Defendant

Robert S. Rooth (La. Bar No. 11454)
Anthony P. Dunbar (La. Bar No 16765)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Attorneys for Plaintiff

ENTERED ON MINUTES

FEB 14 2017

CHARLENE WILLIAMS        VERIFIED
                         2.14.17

2726485-1

☑ ENTERED ON DOCKET
☐ SERVICE COPIES TO SHERIFF
☐ POSTCARD MAILED  ☑ NOTICE MAILED
COPY ... ☐ MAILED  ☑ GIVEN TO RUNNER
RULE DATE ... ☐ RECEIVED  ☑ ENTERED IN PLEADING

FILED
2011 MAR -2 P 3: 19
CIVIL

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.   16-9532          DIVISION "A-15"          DOCKET NO.

### THINKSTREAM ACQUISITION, LLC

### VERSUS

### FIRST NBC BANK

FILED:_____

### UNOPPOSED MOTION TO CONTINUE HEARING ON MOTION TO COMPEL
### RESPONSES TO DISCOVERY

Plaintiff, Thinkstream Acquisition, LLC ("Thinkstream") respectfully moves this

Honorable Court for an order continuing the hearing on Thinkstream's Motion to Compel

Responses to Discovery, for the reason that defendant First NBC Bank has delivered numerous

additional documents this week, and Thinkstream requires additional time to review those

documents and to see whether they are fully responsive to the discovery requests. Defendant First

NBC Bank, has no objection to this continuance.

Accordingly, plaintiff, Thinkstream Acquisition, LLC, requests that the Court grant this

motion and reset the hearing on Thinkstream's Motion to Compel Responses to Discovery until

the Court's first rule date on or after March 24, 2017.

Respectfully submitted,

_____
Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana  70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

VERIFIED
3.9.17                    VERIFIED

2821107-1

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this _____ day of March 2017.

FILED
2017 MAR -2 P 3:19

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                DIVISION "A-15"                DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____   _____
                                              DEPUTY CLERK

RULE TO SHOW CAUSE

Considering the motion to compel of Plaintiff, Thinkstream Acquisition, LLC,

IT IS HEREBY ORDERED that Defendant, First NBC Bank, show cause on the 21

day of _____April_____, 2017, at 9:00 a.m. why Plaintiff's motion to compel should not be

granted.

New Orleans, Louisiana, this _____ day of _____MAR 0 3 2017_____, 2017.

_____
Keisha G. Means, Minute Clerk
Division "A"
By Order Of The Court

SERVICE IS WAIVED BY:

First NBC Bank
Through its attorney of record,
William D. Aaron, Jr.
DeWayne L. Williams
Anna Rainer
201 St. Charles Avenue
Suite 3800
New Orleans, LA 70170

ANY MOTION REMOVED FROM THE DOCKET AFTER THE
CASE IS SET FOR HEARING WILL REQUIRE THE MOVING
ATTORNEY TO FILE A MOTION CONTINUING/
DISMISSING THE MOTION INTO THE RECORD.

JUDGE TIFFANY G. CHASE, DIVISION A

ENTERED ON MINUTES

MAR 06 2017

CHARLENE WILLIAMS

Pursuant to Rule 9.9(a) of the Rules for La.
District Courts, oppositions not received at
least eight (8) calendar days before the
hearing will not be considered or argued.

2821107-1
CDC 16-9532 A-15

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2016-9532

DIVISION "A"

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED _____                    _____ DEPUTY CLERK

### MOTION TO QUASH 1442 DEPOSITION OF FIRST NBC BANK AND REQUEST FOR EXPEDITED CONSIDERATION

NOW INTO COURT, through undersigned counsel, comes Defendant, First NBC Bank, (sometimes referred to herein as "FNBC"), who respectfully moves this Court for an Order quashing the Article 1442 deposition of First NBC Bank currently set for Monday, March 20, 2017, *and further requests that this Court consider its Motion on an expedited basis given that the deposition is set to be taken on March 20,2017.*

Based on a March 10, 2017 correspondence from Thinkstream, proceeding with the 1442 deposition would cause FNBC to violate La.R.S. 6:333. Specifically, on March 10, 2017, Thinkstream sent a letter to a customer of FNBC, Mr. Barry L. Bellue, Sr., notifying Mr. Bellue of his right, pursuant to La. R.S. 6:333, to object to FNBC responding to outstanding discovery. The deadline given to Mr. Bellue was April 11, 2017. The 1442 deposition will elicit testimony from FNBC regarding the very topics in the outstanding discovery that FNBC cannot disclose until after the April 11, 2017 deadline without violating La.R.S. 6:333.

WHEREFORE, for the reasons set forth above and in the Memorandum in Support being filed herewith, First NBC now prays that this Court grant its Motion to Quash Deposition of First NBC Bank, and further prays that this Court consider this Motion on an expedited basis.

Respectfully submitted:

AARON & GIANNA, PLC

WILLIAM D. AARON, JR. (LSBA #2267)T.A.
DEWAYNE L. WILLIAMS (LSBA #27685)
ANNA A. RAINER (LSBA #31531)
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Telephone: (504) 569-1800
Facsimile: (504) 569-1801

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via U.S. Mail, postage prepaid and properly addressed and/or electronic mail, this 15th day of March, 2017.

DeWayne L. Williams

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2016-9532                                              DIVISION "A"

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

_____                          _____
**FILED**                                                   **DEPUTY CLERK**

### ORDER

Considering the foregoing Motion to Quash Deposition of First NBC Bank and Request
for Expedited Consideration;

IT IS HEREBY ORDERED that the request for expedited consideration is GRANTED,
and the deposition of First NBC Bank set to occur on Monday, March 20, 2017, is hereby
QUASHED.

ALTERNATIVELY, IT IS ORDERED that the request for expedited consideration is
GRANTED, and that Thinkstream Acquisition, LLC show cause on the _5th_ day of March, at 10:00 a.m.
2017 as to why First NBC Bank's Motion to Quash should not be granted. *The deposition
is stayed pending the hearing.*

New Orleans, Louisiana this _____ day of ___MAR 1 7 2017___, 2017.

_____
JUDGE
Judge Tiffany G. Chase

Thinkstream Acquisition, LLC will be served
via electronic means pursuant to La.C.C.P. art. 1313.

3

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

No. 2016-9532

DIVISION "A"

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED

DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH 1442 DEPOSITION

This memorandum is being submitted on behalf of Defendant, First NBC Bank (hereinafter referred to as "FNBC"), in support of its Motion to Quash 1442 Deposition set by Thinkstream Acquisition, LLC, (hereinafter referred to as "Thinkstream"). A copy of this memorandum has been served on counsel for Thinkstream in compliance with La.C.C.P. art. 1313.

### FACTS

Thinkstream set the 1442 Deposition of FNBC for Monday, March 20, 2017. The topics listed in the 1442 Deposition Notice include multiple levels of inquiry which could call for testimony relative to the financial records of one of its customers, Barry Bellue. La.R.S. 6:333 prevents banks from disclosing any of the financial records of its customers except where a specific procedure is followed.[1] FNBC agreed to the 1442 deposition and actually produced certain records because it believed that La.R.S. 6:333 was inapplicable under the theory that Thinkstream had purchased Bellue's loans. Notably, release of documents or information by FNBC in violation of La.R.S. 6:333 could subject FNBC to liability to Bellue.

FNBC believed that it and Thinkstream were on one accord with this theory, as Thinkstream continued to demand production of documents, etc. However, on March 10, 2017, Thinkstream sent correspondence to FNBC with an attachment letter to Bellue wherein Thinkstream indicates that it

---

[1]     The procedure establishes that the person requesting the issuance of the disclosure demand furnishes the bank with an affidavit certifying both of the following: (a) that such disclosure demand, or a certified copy thereof, has also been personally served upon each customer named in the disclosure demand to whom the financial records being sought pertain or upon such customer's counsel of record in accordance with Subsection D of this Section; (b) that such service was made at least fifteen business days prior to the return date; and (c) the bank has not received written notice that a customer to whom the financial records pertain has taken legal action to enjoin or otherwise restrain the release of the financial records.

was *now* attempting to comply with La.R.S. 6:333 and changed the return date on any production of records to April 11, 2017. However, Thinkstream refuses to continue the 1442 deposition of FNBC until after the April 11, 2017 deadline that Thinkstream, itself, set, even though it will attempt to elicit testimony regarding certain documents and the financial information of Bellue.

## LAW AND ARGUMENT

This issue was not created by FNBC. It was actually created by Thinkstream with its March 10, 2017 letter, wherein it takes a wholly different position than it had previously. Specifically, its March 10, 2017 letter suggests that the Thinkstream production and testimony requests are subject to La.R.S. 6:333.[2] This is extremely important because if this is true, FNBC could be subject to liability to Bellue for violating La.R.S. 6:333. Furthermore, if FNBC goes forward with the scheduled 1442 deposition wherein La.R.S. 6:333 will likely again be violated if applicable, FNBC will have to answer as to why it went forward with the deposition given the fact that Thinkstream put it, and Bellue, on notice that La.R.S. 6:333 might be applicable. In other words, the March 10, 2017 letter put everyone on notice that Thinkstream believed that the statute might be applicable. With this knowledge, FNBC knows or should know that if it goes forward with the 1442 deposition, it will again violate the statute.

La.R.S. 6:333 reads, in pertinent part, as follows:

B. Notwithstanding any other provision of law to the contrary, except R.S. 9:151 et seq. and 3854(B)(2), R.S. 13:3921 et seq., Code of Civil Procedure Article 2411 et seq., R.S. 46:236.1.4, and R.S. 47:1676(D)(2) and 1677, no bank or its affiliate shall disclose any financial records to any person other than the customer to whom the financial records pertain, unless such financial records are disclosed:(1) In response to a disclosure demand in accordance with the provisions of Subsection C of this Section.
(2) Pursuant to a written request or authorization for disclosure or waiver which meets the requirements of Subsection E of this Section.
(3) As otherwise permitted or allowed by this Section.
C. A bank may disclose financial records pursuant to a disclosure demand if each of the following conditions are met:(1) The disclosure demand is served on the bank's president, one of the bank's registered agents for service of process, or, if applicable, on the bank's counsel of record unless such service on such individuals is expressly waived by the bank.
(2) Prior to the return date, the person requesting the issuance of the disclosure demand furnishes the bank with an affidavit certifying both of the following:(a) That such disclosure demand, or a certified copy thereof, has also been personally served upon each customer named in the disclosure demand to whom the financial records being sought pertain or upon such customer's counsel of record in accordance with Subsection D of this Section.
(b) That such service was made at least fifteen business days prior to the return date.
(3) The bank has not received written notice that a customer to whom the financial records pertain has taken legal action to enjoin or otherwise restrain the release of the financial records.

---

[2]   See Exhibit "1".

If the statute is applicable, FNBC cannot disclose financial information of Bellue unless: (1) Thinkstream sends a letter to Bellue explaining that they are seeking his information; (2) allows Bellue at least 15 days to object; and (3) provides FNBC with an affidavit that (1) and (2) have been met. Initially, Thinkstream took the position that it did not have to comply with the statute because of an exception in the statute that provides for disclosure where a loan had been sold. While FNBC first used the statute as a defense, upon review it believed that Thinkstream was correct and that the statute was inapplicable. Thus, it proceeded to provide documents and agreed to the 1442 deposition.

However, inexplicably, on March 10, 2017, Thinkstream sent correspondence to FNBC and Bellue taking the opposite position. Specifically, it said the following in its correspondence to Bellue:

> Pursuant to La.R.S. 6:333, we hereby serve you with a copy of "Thinkstream Acquisition, LLC's Request for Production of Documents and Electronically Stored Information Propounded to First NBC Bank," which may call for the production of your financial documents with First NBC Bank. The "return date" for First NBC to produce these records is April 11, 2017.

Thus, by this letter, Thinkstream appears to acknowledge that its requests *are* subject to the statute. This letter certainly took FNBC by surprise because it essentially, if correct, would mean that FNBC had already violated the statute by providing any documents in the first place. At the very least, it put FNBC on notice that an issue has been created *by Thinkstream* that would subject FNBC to liability to Bellue if it goes forward with the 1442 deposition on Monday, March 20, 2017. Thus, FNBC requested that the 1442 deposition be post-posed until after the April 11, 2017 deadline to see if Bellue objects to the production of any documents, etc. FNBC will then have to defend against its decision to release any documents in the first place, which will be more difficult given the fact that Thinkstream reversed its position with the March 10, 2017 letter. However, FNBC's position will be even more tenable if it goes forward with the 1442 deposition *after* it has been placed on notice by Thinkstream that it believes that the statute might be applicable.

When informed that the March 10, 2017 letter created a serious issue for FNBC such that it created potential liability on FNBC to Bellue, Thinkstream reverted back to its original position that the statute was inapplicable. However, it has already put Bellue on notice of the opposite position and given him until April 11, 2017 to respond. It has further put Bellue on notice that it has put

FNBC on notice that it has informed Bellue that he has rights pursuant to La.R.S. 6:333.

WHEREFORE, for the reasons set forth herein as well as the fact that the deposition sought to be quashed is currently set for this coming Monday, March 20, 2017, First NBC Bank prays that this Court: (1) consider this Motion to Quash Deposition of First NBC Bank on an expedited basis, and (2) issue an Order GRANTING First NBC Bank's Motion to Quash and quash the Article 1442 deposition of First NBC Bank currently set for Monday, March 20, 2017, to be reset on or after April 11, 2017, or the issue of an objection by Bellue has been resolved.

Respectfully Submitted,

AARON & GIANNA, PLC

WILLIAM D. AARON, JR. (LSBA #2267) T.A.
DeWAYNE L. WILLIAMS (LSBA #27685)
ANNA RAINER (LSBA #31531)
201 Saint Charles Avenue, Suite 3800
New Orleans, LA 70170
Telephone: (504) 569-1800

*Counsel for Defendant, First NBC Bank*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record via electronic service and/or fax, this __15th__ day of __November__, 2016.

 **Chaffe McCall**

FILED

2017 MAR 15 P 2:05

LORETTA O. HOSKINS

Direct Dial No: (504) 585-7264
Direct Fax No: (504) 544-6092
E-mail: hoskins@chaffe.com

March 10, 2017

William D. Aaron, Jr., Esq.
Aaron & Gianna, PLC
201 St. Charles Ave., Suite 3800
New Orleans, LA 70170

RE: *Thinkstream Acquisition, LLC vs. First NBC Bank*
Civil District Court for the Parish of Orleans, State of Louisiana No. 16-9552
Our File: 45243

Dear Mr. Aaron:

Enclosed please find a copy of correspondence to Barry L. Bellue, Sr. and "Thinkstream Acquisition, LLC's Request for Production of Documents and Electronically Stored Information Propounded to First NBC Bank." We are extending the "return date" of Thinkstream Acquisition, LLC's discovery requests to First NBC to April 11, 2017 due to issues with locating and serving Mr. Bellue.

With kindest regards, I am

Sincerely yours,

Loretta O. Hoskins

/loh
Enclosure

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax (504) 585-7075
Baton Rouge: 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
Houston: 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
Lake Charles: One Lakeshore Drive Suite 1750 • Lake Charles, LA 70629 • Tel: (337) 419-1825 • Fax (504) 585-7
www.chaffe.com

2884762-1



EXHIBIT
1



**Chaffe McCall** LLP

LORETTA O. HOSKINS

Direct Dial No: (504) 585-7264
Direct Fax No: (504) 544-6092
E-mail: hoskins@chaffe.com

March 10, 2017

**VIA HAND DELIVERY &**
**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
Barry L. Bellue, Sr.
4847 Donegal Road
Woodville, MS 39669-4358

Re:   *Thinkstream Acquisition, LLC v. First NBC Bank*
CDC No. 2016-9532, Div. "A-15"
Our File No. 45243

Dear Mr. Bellue:

Pursuant to La. R.S. 6:333, we hereby serve you with a copy of "Thinkstream Acquisition, LLC's Request for Production of Documents and Electronically Stored Information Propounded to First NBC Bank," which may call for the production of your financial documents with First NBC Bank. The "return date" for First NBC to produce these records is **April 11, 2017.**

With best regards, I remain

Sincerely,

Loretta O. Hoskins

/loh
Enclosure

cc:   Barry H. Grodsky, w/encl.
Donald J. Miester, Jr., w/encl.

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
Baton Rouge: 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
Houston: 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
Lake Charles: One Lakeshore Drive Suite 1750 • Lake Charles, LA 70629 • Tel: (337) 419-1825 • Fax: (504) 585-7075

www.chaffe.com

2881742-1



**Chaffe McCall** LLP

LORETTA O. HOSKINS

Direct Dial No: (504) 585-7264
Direct Fax No: (504) 544-6092
E-mail: hoskins@chaffe.com

March 16, 2017

**VIA E-MAIL: dwilliams@aarongianna.com**
**AND U.S. MAIL**
Dewayne L. Williams, Esq.
Aaron & Gianna, PLC
201 St. Charles Avenue
Suite 3800
New Orleans, Louisiana 70170

      Re:    *Thinkstream Acquisition, LLC v. First NBC Bank*
              CDC No. 2016-9532, Div. "A-15"
              Our File No. 45243

Dear Dewayne:

      Enclosed is Plaintiff's Opposition to Motion to Quash 1442 Deposition to First NBC Bank and Request for Expedited Consideration which has been filed with the court today.

      With best regards, I remain

              Sincerely,

              Loretta O. Hoskins

LOH/jem
Enclosure

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
Baton Rouge: 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
Houston: 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
Lake Charles: One Lakeshore Drive Suite 1750 • Lake Charles, LA 70629 • Tel: (337) 419-1825 • Fax: (504) 585-7075

www.chaffe.com

2889700-1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532                DIVISION "A-15"              DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____          _____
                                                        DEPUTY CLERK

## PLAINTIFF'S OPPOSITION TO MOTION TO QUASH 1442 DEPOSITION TO FIRST NBC BANK AND REQUEST FOR EXPEDITED CONSIDERATION

Plaintiff, Thinkstream Acquisition, LLC ("TAL"), respectfully requests that this Honorable Court deny defendant First NBC Bank's Motion to Quash its corporate deposition.  First NBC's motion is a dilatory tactic to obstruct discovery in this case in which First NBC failed to honor its contractual obligations and breached fiduciary duties to TAL.  This is the second time TAL has noticed First NBC's deposition, and now First NBC claims that it cannot be deposed because it would have to disclose financial information of its bank customer, Barry Bellue.  **However, First NBC already has produced in discovery a substantial number of documents relating to Barry Bellue.**  Furthermore, only one of the twelve topics in the 1442 deposition notice specifically involves Barry Bellue.  For these and other reasons, First NBC's position is unfounded.  TAL is entitled to proceed with discovery in this case, and First NBC must be ordered to appear for its deposition on March 20, 2017 as scheduled.

## FACTUAL BACKGROUND

TAL purchased from First NBC a loan that First NBC had made to Thinkstream, Inc., a business that provided software and support services to law enforcement agencies.  Barry Bellue, Sr., who was the CEO of Thinkstream, Inc., personally guaranteed the loan that TAL bought from the bank.  First NBC represented to TAL that the loan was also secured by many other items of collateral, including numerous letters of credit and certificates of deposit.

First NBC also made loans to Bellue personally, but did not sell those loans to TAL.

First NBC agreed to act as TAL's agent to collect the collateral to pay down the loan it sold to TAL.  But First NBC failed to do this and failed to provide any accounting of the collections or the application of payments to the loan TAL bought.  As a result, TAL filed this lawsuit.

First NBC claims it cannot give a deposition because it would have to disclose information

related to Barry Bellue, which it claims is prohibited by La. R.S. 6:333 (even though exceptions in that statute allow First NBC to release this information). The bank first raised this argument on **January 12, 2017**, in opposition to TAL's motion to compel discovery responses.[1] Despite that objection, First NBC proceeded to produce numerous documents and information related to Barry Bellue.

Thereafter, on **February 3, 2017**, out of an abundance of caution in order to eliminate First NBC's objection and to ensure that First NBC had not withheld any documents, TAL issued a subpoena with the Requests for Production to First NBC[2] to Barry Bellue, Sr. at his home in Prairieville, Louisiana.[3] TAL provided notice of this subpoena to First NBC.[4] The subpoena was served on Bellue's son at Bellue's Prairieville address on **March 3, 2017**. Bellue's son claimed to the process server that Bellue now lives in Mississippi.

On **March 2, 2017**, TAL issued its Re-Notice of Deposition for First NBC's deposition to take place on March 20, 2017.[5] This date was agreed to by First NBC. First NBC had been given notice of the February subpoena to Bellue when it consented to the deposition.

Because Bellue's son claimed that Bellue now lives in Mississippi, TAL sent a letter on **March 10, 2017** to Bellue in Woodville, Mississippi (an hour north of Baton Rouge) and copied Bellue's counsel of record in a separate lawsuit.[6] TAL also engaged a process server to personally serve a copy of the letter and the Requests for Production on Bellue. TAL provided notice to First NBC.[7] The process server advised that he knows Bellue and that Bellue has a residence in the Baton Rouge area and travels back and forth between the two locations.

On **March 14, 2017**, First NBC objected to submitting to a deposition due to the March 10, 2017 letter.

1.    **The Notice of Deposition Covers Numerous Topics That Do Not Involve Barry Bellue.**

First NBC's motion suggests that that this deposition is entirely about Barry Bellue, yet it

---

[1] Exhibit 1 to First NBC's Motion to Quash 1442 Deposition.
[2] This was the "disclosure demand," which the statute defines as:
      a civil or criminal judicial, administrative, legislative, military courts-martial, juvenile, grand jury,
      arbitration, or medical review panel subpoena, summons, or order or notice of deposition,
      interrogatories, request for production or inspection of documents, request for admissions, or other
      discovery request lawfully directed or propounded to a bank or any affiliate. [La. R.S. 6:333(A)(6).]
[3] Exhibit 1 (Subpoena to Barry Bellue, Sr. attaching TAL's requests for production to First NBC). Bellue's verified Petition for Damages in a separate lawsuit filed on September 20, 2016 represents that he "is a citizen of Louisiana, domiciled and residing at 18469 Plantation Court Drive, Prairieville, LA 70769, in Ascension Parish." *See* Petition for Damages, *BLB Aviation South Carolina, LLC and Barry L. Bellue, Sr. v. John E. Seago, et al.*, 19th JDC No. 651558, Section 26. **Exhibit 2** (relevant excerpts of Verified Petition for Damages).
[4] Exhibit 3 (February 3, 2017 letter and Notice of Records Deposition).
[5] Exhibit 4 (Re-Notice of Deposition Pursuant to Article 1442 of the Louisiana Code of Civil Procedure). First NBC's deposition was originally set for March 9, 2017 but was continued at First NBC's request.
[6] Exhibit 1 to First NBC's Motion to Quash 1442 Deposition. *See also* **Exhibit 2**.
[7] Exhibit 1 to First NBC's Motion to Quash 1442 Deposition.

2

did not attached a copy of the Re-Notice of Deposition to its motion. Only one of the twelve topics noticed for the March 20, 2017 deposition specifically relates to Bellue. The deposition covers numerous other areas and topics that relate to TAL's claims.

Documents already produced by First NBC indicate that much of the collateral for the loan that First NBC sold to TAL either did not exist or else was liquidated and the proceeds used to benefit Bellue (who guaranteed the loan) or to pay down other loans at First NBC. Also, First NBC is rapidly exhausting TAL's $500,000 escrow reserve account even though the loan should now have been substantially paid down through collateral liquidation. This suit and First NBC's document production and discovery responses present these issues and others that TAL needs to explore at First NBC's deposition. The Court should not allow First NBC to avoid answering any questions under oath at its deposition.

**2.     First NBC Already Has Produced Documents Related to Barry Bellue.**

First NBC initially raised La. R.S. 6:333 in opposition to TAL's motion to compel in an attempt to avoid producing documents. Yet, the bank thereafter produced numerous records related to Bellue. TAL opted to serve Bellue with a copy of the Requests for Production out of an abundance of caution in order to eliminate any possible objection the bank might raise and to ensure that First NBC had not withheld any documents.

TAL's March 10 letter does not provide the bank with any reason for refusing to answer questions about Bellue because First NBC has no valid basis to object to producing Bellue-related documents or answering questions about them. In fact, La. R.S. 6:333 contains specific exceptions which allowed First NBC to produce the Bellue records. The bank actually agreed that it could produce the records, and it did so. The statutory exceptions apply, *inter alia*, because they relate to the sale of a loan to TAL which Bellue personally guaranteed and also relate to collecting or enforcing rights with respect to the bank's role as a fiduciary to TAL. Section 6:333(F) provides in pertinent part:

> F. The following disclosures by a bank or any affiliate are hereby specifically authorized and, except as otherwise provided in this Subsection, nothing in this Section shall prohibit, restrict, or otherwise apply to:
> (1) The disclosure by a bank or any affiliate of any financial record to any person as an incident necessary to: obtaining or perfecting a guaranty, mortgage, lien, security interest, or other encumbrance; proving a claim in bankruptcy, otherwise collecting on, or enforcing its rights with respect to a debt owing either to the bank itself or to it in its role as a fiduciary; or procuring, making a claim on, or otherwise enforcing or exercising its rights with respect to any insurance pertaining or related to a debt owing either to the bank itself or to it in its role as a fiduciary, including single interest insurance.
> \*     \*     \*     \*     \*

(4) The disclosure by a bank or any affiliate of financial records to any person to whom the bank has sold or participated, or may sell or may participate, in all or any part of one or more customer loans or other indebtedness or deposits to which such financial records pertain or to any person to whom the bank has granted, or may grant, one or more assignments, liens, security interests, or other encumbrances in or affecting one or more customer loans or other indebtedness to which such financial records pertain.  [La. R.S. 6:333(F)(1) and (F)(4) (emphasis added).]

As noted above, among the collateral that the bank sold to TAL was Bellue's personal guaranty of the loan TAL bought.  Moreover, due to the fact that First NBC already has produced Bellue documents and the fact that the statute specifically allows First NBC to produce these records, the Court should reject any argument that TAL cannot question First NBC about Bellue or the bank's records relating to Bellue.

CONCLUSION

First NBC cannot deny TAL the opportunity to conduct discovery in this case.   TAL is entitled to complete information about its claims.  Without First NBC's deposition, TAL cannot adequately prosecute its claims.  First NBC should not be allowed to dodge discovery.  This Court should deny First NBC's motion to quash and allow the deposition to go forward on March 20, 2017 as scheduled.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No. 21848)
Loretta O. Hoskins (La. Bar No. 30558)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

CERTIFICATE OF SERVICE

I do hereby certify on this 16th day of March, 2017, a copy of the foregoing was served upon all counsel of record to this proceeding, by e-mailing and mailing the same by United States mail, properly addressed, and first class postage prepaid.

4

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

**SUBPOENA**

No. 2016-9532          DIVISION " A-15 "          Docket No. _____

Thinkstream Acquisition, LLC
VS.
First NBC Bank

TO:   Barry L. Bellue, Sr., 18469 Plantation Court Dr., Prairieville, LA 70769

**CLERK, CIVIL DISTRICT COURT** - Please issue a subpoena to the above party as directed below.

SUBPOENA REQUEST

[   ]   **YOU ARE COMMANDED** to appear in the Civil District Court, Parish of Orleans in Division "_____", 421 Loyola Ave., New Orleans, LA 70112, on the _____ day of _____, 20____ at _____ o'clock ____.m., to testify the truth according to your knowledge, in a controversy pending herein between the parties above named; and hereof you are not to fail under the penalty of the law.  By order of the Court.

DEPOSITION SUBPOENA REQUEST

[   ]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

REQUEST FOR WRIT OF SUBPOENA DUCES TECUM

[ ✓ ]   **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects for the _____ trial, _X___ deposition, or _____ hearing (state type) _____ _____ at the place, date and time specified below (list documents or objects) pursuant to the provisions of Article 1354 et. seq. of the LA Code of Civil Procedure. and La. R.S. 6:333.

NOTICE: ARTICLE 1354 APPEARS IN FULL ON BACK OF SERVICE COPY

Any and documents listed on Attachment "A" ("Thinkstream Acquisition, LLC's Request for Production of Documents and Electronically Stored Information Propounded to First NBC Bank")

| PLACE | DATE AND TIME |
|---|---|
| Chaffe McCall, L.L.P., 1100 Poydras St., Suite 2300, New Orleans, LA  70163 | March 13, 2017 at 9:00 a.m. |

DALE N. ATKINS, CLERK
CIVIL DISTRICT COURT

Issued at the request of, and,
Fees and cost guaranteed by undersigned

ATTORNEY

Attorney's signature

ATTORNEY'S
NAME & BAR NUMBER          Robert S. Rooth (#11454)

ADDRESS
&
TELEPHONE NUMBER          1100 Poydras St., Suite 2300

New Orleans, LA 70163

(504) 585-7000

File original and two copies with Clerk
fourth copy for Attorney's File

E-105          ORIGINAL REQUEST

**EXHIBIT**
1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 16 - 9532   DIVISION " "  A   DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____   _____

DEPUTY CLERK

THINKSTREAM ACQUISITION, LLC.'S REQUESTS FOR PRODUCTION
OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION
PROPOUNDED TO FIRST NBC BANK

TO:   First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA 70112

Thinkstream Acquisition, LLC (hereinafter "Thinkstream LLC") propounds the
following requests for documents and Electronically Stored Information to be answered by First
NBC Bank (hereinafter "First NBC"). First NBC is to answer these document requests
separately, fully, in writing and under oath, in accordance with the Louisiana Code of Civil
Procedure and in accordance with the following definitions and instructions, which are
incorporated into each of the document requests as though set forth entirely in each. These
document requests are made continuing, and supplemental answers are required promptly. You
are requested to produce all Electronically Stored Information responsive to this Request in its
native format with all associated Metadata intact.

Unless otherwise specified in a particular numbered item of this Request, the temporal
scope of this Request is the period from January 1, 2015 to date.

DEFINITIONS

As used herein:

2766504-1
2774261-1

ATTACHMENT "A"

1. "First NBC" means and refers to First NBC Bank along with its officers, directors, members, employees, representatives and agents.

2. "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as Purchaser.

3. "Thinkstream INC" means and refers to Thinkstream Incorporated, a Delaware corporation.

4. "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase Agreement, to wit:

   (1) Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the "2013 Note");

   (2) Commercial Security Agreement dated March 22, 2013, executed by Thinkstream INC in favor of First NBC;

   (3) Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;

   (4) Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");

   (5) Any and all mortgages on real property granted as security for indebtedness conveyed herein.

   (6) Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");

   (7) The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

4. "Collateral" means any and all collateral held by First NBC at any time to secure the payment of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents" herein.

5. "Common Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note and the Bellue Guaranty.

6.  "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as evidenced by that promissory note dated January 27, 2015, in the original amount of $2,238,632.27.

7.  "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC.

8.  "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.

9.  "Communication" means any transmittal of information of any kind, whether in the form of a document, letter, e-mail, note, message, or other form.

10.  "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

11.  "Escrow Account" means and refers to that account at First NBC established at pursuant to a Debt Service Reserve Escrow Agreement ("Escrow Agreement") between the parties, also dated as of December 15, 2015.

12.  "Documents" means and refers to documents or Electronically Stored Information of any type or description, or any means of storage of information, including, without limitation, writing in any form, any physical expression of information, and/or any means of storage of information, and "Documents" includes, without limitation, any loan document, correspondence, communication, memorandum, agreement, letter, hand or typewritten note, e-mail or electronic mail, text message, invoice, receipt, computer printout, computer tape, computer diskette, audiotape, audio recording, microfilm, videotape, tape recording, photograph, inter-company and intra-company communication or any other item of a similar nature. "Documents" specifically includes drafts and/or copies of any of the foregoing items.

13.  "Relating to" shall mean concerning, containing, regarding, discussing, pertaining to, reflecting, relevant to, commenting upon, having some connection to, including, embodying or

2774261-1                                          3

evidencing, and should be construed in the broadest sense of the term. An analogous meaning shall apply to the terms "relate," "related," "relating," and other derivations of these words.

14.   "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

15.   Words shall be construed in the singular or plural form.

16.   The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

17.   "Metadata" includes information embedded in an electronic document or file describing, inter alia, its creation, revision history, tracking and management that is generally not visible or retrievable when an electronic document is printed or converted to an image file.

18.   "Electronic" means relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities.

19.   "Electronically stored information" means information that is stored in an electronic medium and is retrievable in perceivable form.

<u>INSTRUCTIONS</u>

A.   This Request seeks all responsive documents and information that are in your possession, custody, or control and all documents and information that are in the possession, custody, or control of your agents, employees, attorneys or other representatives. This Request shall be deemed to be continuing so that any additional information and documents responsive to this Request which you acquire or which become known to you up to and including the time of trial shall be furnished to the requesting party promptly after such information or documents are acquired by or become known to you.

B.   If any information called for by this Request is withheld on the grounds of a claim or objection based on the attorney-client privilege, the attorney work-product doctrine, or any

other privilege or basis, state in your response, as to each document or category of information you refuse to produce or disclose:

> 1. the nature of the privilege or work product doctrine you claim is applicable and a description of the facts and the basis of applicability of the particular privilege or objection to each such document or category of information;

> 2. if a document is involved, the date, the author, its recipient(s) and all persons who received copies of it, including the general subject matter of the document, and the identity of each person who has seen the document; and

> 3. if a communication is involved, the names of the persons involved in the communication, the general subject matter of the communication, and an explanation of the circumstances of the communication.

> C.     With respect to each document otherwise responsive to this Request which has been lost or destroyed since its preparation or receipt, identify the document, state the item number of the Request to which it would otherwise be responsive, and give the full particulars or circumstances of the loss or destruction of the document.

> D. Organize or label all documents you produce by reference to the number of the particular item of this Request to which they are responsive.

> E. If a document is responsive to this Request and is within your control, but is not in your possession or custody, identify the person who has possession or custody of the document. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the dates or approximate dates on which such disposition was made, and why.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

Please produce any and all Documents relating in any way to First NBC's decision to sell the Loan Documents to Thinkstream LLC.

REQUEST FOR PRODUCTION NO. 2

Please produce any and all Documents relating in any way to the negotiations for the sale of the Loan Documents, including any drafts of, or comments on drafts of, the Purchase Agreement.

REQUEST FOR PRODUCTION NO. 3

Please produce any and all Documents relating in any way to the collateral that First NBC held as collateral security for the repayment of the 2013 Note or the Bankruptcy Note, including any and all Documents relating in any way to the value of each item of Collateral at the time of the execution of the 2013 Note and the Bankruptcy Note, the value of each item of Collateral at the time of the execution of the Purchase Agreement, or the value of each item of Collateral at the present.

REQUEST FOR PRODUCTION NO. 4

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon each item of Collateral, including those "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

REQUEST FOR PRODUCTION NO. 5

Please produce any and all Documents relating in any way to the current status or value of the "Letters of Credit and Certificates of Deposit" referred to in the description of "Loan Documents" herein.

REQUEST FOR PRODUCTION NO. 6

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon two real estate lots owned by Barry L. Bellue, Sr., in the Zee Zee Gardens area of Baton Rouge, Louisiana.

REQUEST FOR PRODUCTION NO. 7

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon any brokerage accounts at Morgan Stanley in the names of Barry L. Bellue, Sr., and Barry Lee Bellue, Jr., with a value of approximately $227,000.00, which were purportedly pledged to secure the obligations of Thinkstream INC to First NBC.

2774261-1                                                          6

## REQUEST FOR PRODUCTION NO. 8

Please produce any and all Documents relating in any way to First NBC's efforts to foreclose upon or otherwise collect upon the personal residence of Barry L. Bellue, Sr., in Baton Rouge, Louisiana.

## REQUEST FOR PRODUCTION NO. 9

Please produce any and all Documents relating in any way any of the collateral that First NBC held as collateral security for the repayment of the Bellue Note or the Common Collateral, including any and all Documents relating in any way to the value of each item of collateral for the Bellue Note and Common Collateral at the time of the Bellue Note's execution, the value of each item of the Bellue Collateral and the Common Collateral at the time of the execution of the Purchase Agreement, or the value of each item of the Bellue Collateral and the Common Collateral at the present.

## REQUEST FOR PRODUCTION NO. 10

Please produce any and all Documents relating in any way to First NBC's efforts foreclose upon or otherwise collect upon the Bellue Collateral or the Common Collateral.

## REQUEST FOR PRODUCTION NO. 11

Please produce any and all Documents relating in any way to the current status of value of the Bellue Collateral or the Common Collateral.

## REQUEST FOR PRODUCTION NO. 12

Please produce any and all Documents relating in any way to the application of payments that were used to pay principal, interest or bank charges on the Thinkstream LLC Note and the outstanding balance of principal and interest due with respect to the Thinkstream LLC Note from December 15, 2015, to the present, on a monthly basis.

## REQUEST FOR PRODUCTION NO. 13

Please produce any and all Documents relating in any way to any deductions from or additions to the Escrow Account, including the purpose of those deductions and the source of those additions, from December 15, 2015, to the present, on a monthly basis.

## REQUEST FOR PRODUCTION NO. 14

Please produce any and all Documents relating in any way to First NBC's risk rating, loan classification, and/or internal valuation of the loans represented by the 2013 Note, the Bankruptcy Note, or the Bellue Note, at any time prior to the time of the execution of the Purchase Agreement.

## REQUEST FOR PRODUCTION NO. 15

Please produce any and all Documents relating in any way to the payment and delinquency status of the Bellue Note or the Thinkstream LLC Note.

## REQUEST FOR PRODUCTION NO. 16

Please produce any and all Documents relating in any way to First NBC's mortgage on the 1,636 Acres of Donegal Road, Woodville, MS ("Mississippi Property") owned by Barry L. Bellue, Sr., including all appraisals of the Mississippi Property or the mineral rights therein.

## REQUEST FOR PRODUCTION NO. 17

Please produce any and all Documents relating in any way to the "Letters of Credit and Certificates of Deposit" including all communications with the depositary banks or deposit account holders of the Certificates of Deposit and all communications with the issuing banks or applicants of the Letters of Credit.

## REQUEST FOR PRODUCTION NO. 18

Please produce any and all Documents relating in any way to any account into which First NBC has placed the proceeds of the foreclosure or collection upon any of the Bellue Collateral, the Collateral or the Common Collateral, including the names of each account holder and all account statements.

## REQUEST FOR PRODUCTION NO. 19

Please produce any and all Documents relating in any way to any disbursements of any proceeds of collections on any of the Bellue Collateral, the Collateral, or the Common Collateral.

## REQUEST FOR PRODUCTION NO. 20

Please produce any and all Documents relating in any way to any meetings of any loan committee, audit committee or other committee that refer to the 2013 Note, the Bankruptcy Note,

the Bellue Note, the Thinkstream LLC Note, or the Purchase Agreement, including all minutes thereof.

## REQUEST FOR PRODUCTION NO. 21

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr., relating in any way to: Thinkstream INC, Thinkstream LLC, the bankruptcy of Thinkstream INC, the Thinkstream LLC Note, TSB Ventures, LLC, the 2013 Note, or the Bankruptcy Note.

## REQUEST FOR PRODUCTION NO. 22

Please produce any and all correspondence between First NBC and any and all attorneys representing Thinkstream INC and/or Barry L. Bellue, Sr.

## REQUEST FOR PRODUCTION NO. 23

Please produce any and all correspondence between First NBC and Barry L. Bellue, Sr.

## REQUEST FOR PRODUCTION NO. 24

Please produce any and all correspondence and communications between and among First NBC personnel related to: Barry L. Bellue, Thinkstream INC, Thinkstream LLC, and/or TSB Ventures, LLC.

## REQUEST FOR PRODUCTION NO. 25

Please produce any and all Documents related in any way to interest payments received by First NBC related to the 2013 Note.

## REQUEST FOR PRODUCTION NO. 26

Please produce any and all Documents related in any way to any loans made by First NBC to Thinkstream INC and to Barry L. Bellue, Sr.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE SERVE:

First NBC Bank
Through its Agent for Service of Process:
Marsha S. Crowle
Chief Compliance Officer
210 Baronne Street
New Orleans, LA 70112

2774261-1

10

BLB AVIATION SOUTH CAROLINA, LLC          NUMBER: 641,558 DIVISION: 1
and BARRY L. BELLUE, SR.

VERSUS                                                  19th JUDICIAL DISTRICT COURT

JOHN E. SEAGO                                       PARISH OF EAST BATON ROUGE
and SEAGO & CARMICHAEL
(A PROFESSIONAL LAW CORPORATION)   STATE OF LOUISIANA

*************************************************************************

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs BLB Aviation South

Carolina, LLC and Barry L. Bellue, Sr. who hereby file this Petition for Damages against

defendants John E. Seago and Seago & Carmichael (A Professional Law Corporation).

### Parties, Jurisdiction, and Venue

1.       Plaintiff BLB Aviation South Carolina, LLC is a limited liability company in good

standing organized under the laws of the State of South Carolina. BLB Aviation South Carolina,

LLC's registered agent is William R. Taylor, 3612 Landmark Drive, Suite A, Columbia, South

Carolina 29204. Barry L. Bellue, Sr. is the managing member of BLB Aviation South Carolina,

LLC.

2.       Barry L. Bellue, Sr. ("Bellue") is a competent natural person of the age of majority.

Bellue is a citizen of Louisiana, domiciled and residing at 18469 Plantation Court Drive, Prairieville,

LA 70769, in Ascension Parish.

3.       Named defendant herein is John E. Seago ("Seago"), a competent natural person of

the age of majority. Seago's domicile and residence is located at in East Baton Rouge Parish. Seago

is an attorney admitted to the Louisiana bar, in good standing with the Louisiana State Bar

Association.

4.       Named defendant herein is Seago & Carmichael (A Professional Law Corporation),

a professional legal corporation domiciled at 8126 One Calais Ave., #2C, Baton Rouge, LA 70809.

Seago & Carmichael's registered agent is John E. Seago, 8126 One Calais Ave. #2C, Baton Rouge,

LA 70908. At all relevant times, on information and belief, Seago was a shareholder and officer or

director of Seago & Carmichael, and Seago & Carmichael is responsible for his actions.

5.       Venue is proper in East Baton Rouge Parish, defendants' parish of domicile,

pursuant to Article 42 of the Louisiana Code of Civil Procedure. Venue is also proper under Article

74 because East Baton Rouge Parish is the parish where the wrongful conduct at issue occurred, and

where damages were sustained.

REC'D C.P.

SEP 2 1 2016

1

EXHIBIT
2

and for all other equitable and general relief to which they may be entitled.

Respectfully submitted,

TAGGART MORTON, L.L.C.

BARRY H. GRODSKY (# 1388)
bgrodsky@taggartmorton.com
DONALD J. MIESTER JR. (# 20294)
dmiester@taggartmorton.com
1100 Poydras Street, Suite 2100
New Orleans, Louisiana 70163-2100
Telephone: (504) 599-8500

## VERIFICATION

Before me, the undersigned notary public in and for this parish and state, personally came

and appeared BARRY L. BELLUE, SR., who, upon being duly sworn, did depose and state that he

has read the above and foregoing Petition for Damages in its entirety; that he is personally familiar

with the facts stated and alleged therein; and that he verifies that the facts of the Petition for

Damages are all true and correct to the best of his knowledge, information, and belief.

Dated: September 15, 2016.

BARRY L. BELLUE, SR.

Sworn to and subscribed before me
This 15 day of September, 2016.

Notary Public

PLEASE SERVE:

1.   John E. Seago  PERSONAL SERVICE ONLY
     8126 One Calais Ave., #2C
     Baton Rouge, LA 70809

2.   Seago & Carmichael (A Professional Law Corporation)  PERSONAL SERVICE ONLY
     Through its Registered Agent:
     John E. Seago
     8126 One Calais Ave., #2C
     Baton Rouge, LA 70809



**Chaffe McCall** L.L.P.

ROBERT S. ROOTH
PARTNER
NEW ORLEANS OFFICE

Direct Dial No: (504) 585-7226
Direct Fax No: (504) 544-6088
E-mail: rooth@chaffe.com

February 3, 2017

William D. Aaron, Jr., Esq.
Aaron & Gianna, PLC
201 St. Charles Ave., Suite 3800
New Orleans, LA 70170

RE:     *Thinkstream Acquisition, LLC vs. First NBC Bank*
        Civil District Court for the Parish of Orleans, State of Louisiana No. 16-9532
        Our File: 45243

Dear Mr. Aaron:

   Enclosed please find a copy of a Notice of Records Deposition and a Motion and Order to Appoint Special Process Server we will be filing into the record as well as a copy of the subpoena duces tecum we will be serving on Barry L. Bellue, Sr.  We are re-issuing Thinkstream Acquisition, LLC's discovery requests to First NBC in conjunction with the subpoena to Mr. Bellue.

   With kindest regards, I am

                              Sincerely yours,

                              Robert S. Rooth

RSR/jem
Enclosure

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
Baton Rouge: 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
Houston: 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
Lake Charles: One Lakeshore Drive Suite 1750 • Lake Charles, LA 70629 • Tel: (337) 419-1825 • Fax: (504) 585-7075
www.chaffe.com

2854361-1



EXHIBIT
3

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532                     DIVISION "A-15"              DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____        _____
                                        DEPUTY CLERK

NOTICE OF RECORDS DEPOSITION

TO:    Defendant, First NBC Bank
       Through Its Counsel of Record
       William D. Arron, Jr.
       Aaron & Gianna, PLC
       201 St. Charles Ave., Suite 3800
       New Orleans, LA 70170

       PLEASE TAKE NOTICE, that pursuant to the Louisiana Code of Civil Procedure,

plaintiff, Thinkstream Acquisition, LLC, through undersigned counsel, will take the deposition

of Barry L. Bellue, Sr., for purposes of production of records only, on the 13th day of March,

2017, beginning at 9:00 a.m. and thereafter from day to day as the taking of the deposition may

be adjourned, at the offices of Chaffe McCall, L.L.P., 2300 Energy Centre, 1100 Poydras Street,

New Orleans, Louisiana 70163, at which time and place you are hereby notified to appear and

take part in such manner as you shall see fit and proper.

       Plaintiff has caused a subpoena duces tecum to be issued for documents in the possession

or control of Barry L. Bellue, Sr. in accordance with La. R.S. 6:333 and 13:3733 to produce the

documents listed on the attached Exhibit A – "Thinkstream Acquisition, LLC's Request for

Production of Documents and Electronically Stored Information Propounded to First NBC

Bank."

       New Orleans, Louisiana, this 3rd day of February, 2017

2854161-1

Respectfully submitted:

_____

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify on this _____ day of February, 2017, a copy of the foregoing was served upon counsel of record to this proceeding, by e-mailing or mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

2854161-1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532          DIVISION "A-15 "          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____          _____
                                        DEPUTY CLERK

RE-NOTICE OF DEPOSITION PURSUANT TO ARTICLE 1442
OF THE LOUISIANA CODE OF CIVIL PROCEDURE

TO:   First NBC Bank
      Through its Counsel of Record:
      William D. Aaron, Jr.
      DeWayne L. Williams
      Aaron & Gianna, PLC
      201 St. Charles Avenue
      Suite 3800
      New Orleans, LA  70170

      **PLEASE TAKE NOTICE** that undersigned counsel for Defendant Thinkstream Acquisition, LLC, will take the corporate deposition of First NBC Bank (hereinafter "First NBC") in accordance with article 1442 of the Louisiana Code of Civil Procedure, through one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the matters listed with particularity herein.  This deposition of First NBC shall be taken for all purposes permitted under the Louisiana Code of Civil Procedure on **March 20, 2017**, beginning at 9:00 a.m. and continuing thereafter until complete, at the office of Aaron & Gianna, PLC, 201 St. Charles Avenue, Suite 3800, New Orleans, Louisiana, 70170, before a duly qualified court reporter or other person authorized by law to administer oaths, at which time and place you are notified to appear and take part as you deem fit and proper.

      First NBC is called upon to designate and identify by name, in advance, one or more officers, directors, agents, or other persons who consent to testify on its behalf with respect to the matters listed below. First NBC is further called upon to make the person(s) so designated available for deposition at the stated time and place and to specify for each person so designated



the matters about which that person will testify. In connection with this Notice of Deposition, the following definitions shall apply:

## DEFINITIONS

As used herein:

1.  "First NBC" means and refers to First NBC Bank along with its officers, directors, members, employees, representatives and agents.

2.  "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as Purchaser, which has been previously produced by First NBC (marked for identification as "FNBC Prod 2 007369 through 007407").

3.  "Thinkstream INC" means and refers to Thinkstream Incorporated, a Delaware corporation.

4.  "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase Agreement, to wit:

    (1)     Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the "2013 Note");

    (2)     Commercial Security Agreement dated March 22, 2013, executed by Thinkstream INC in favor of First NBC;

    (3)     Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;

    (4)     Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");

    (5)     Any and all mortgages on real property granted as security for indebtedness conveyed herein.

    (6)     Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");

    (7)     The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

5.  "Collateral" means any and all collateral held by First NBC at any time to secure the payment of the Thinkstream LLC Note.

6.   "Thinkstream INC Collateral" means any and all collateral held by First NBC at any time to secure the payment of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents" herein.

7.   "Common Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note and the Bellue Guaranty.

8.   "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as evidenced by that promissory note dated January 27, 2015, in the original amount of $2,238,632.27.

9.   "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC.

10.   "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.11. "Communication" means any transmittal of information of any kind, whether in the form of a document, letter, e-mail, note, message, or other form.

11.   "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

12.   "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

13.   Words shall be construed in the singular or plural form.

14.   The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

15.   The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa in order to give these requests the broadest scope.  All words and

phrases shall be construed as masculine, feminine, or neuter gender according to the context. "All" means "any" and vice versa.

16.   "Identify" or "Identifying" or "identification" with respect to persons, means:

      a.     with respect to a natural person, the person's full name, present employer, title, job description, business and home address(es) and telephone number(s) and his/her/their relationship with First NBC Bank; and

      b.     with respect to a person other than a natural person, including any business entity, the entity's name, type of legal entity, address (all business addresses), date and place of formation, and the entity's chief executive officer.

17.   "Identify" or "Identifying" or "identification" or "describe" or "describing" with respect to documents means:

      a.     the full name of the person who prepared the document and his/her/their last known address(es);

      b.     the full name of the person who signed the document and the person under whose name it was issued, and his/her/their last known address(es);

      c.     the full name of each person to whom the document was addressed or distributed and his/her/their last known address(es); and

      d.     the title or subject and the date of the document.

18.   "You" and "Your", whether or not capitalized, mean First NBC.

The matters at issue in the deposition of First NBC will be:

a.  Identification of the Thinkstream INC Collateral at the time First NBC executed the Purchase Agreement

b.  With respect to "Exhibit A" to the Purchase Agreement which has been marked for identification as "FNBC Prod 2 007381," a copy of which is attached hereto as "Exhibit A", identification of the "Letters of Credit and Certificates of Deposit" referred to therein

4

and the value thereof as of the date of First NBC's execution of the Purchase Agreement and at the present date.

c.  With respect to "Exhibit A" to the Purchase Agreement, attached hereto as "Exhibit A," identification of the "mortgages on real property" referred to therein and the value thereof as of the date of First NBC's execution of the Purchase Agreement and at the present date.

d.  The identification of the "Common Collateral" referred to on pages 2 and 3 of the Purchase Agreement, which pages have been marked for identification as "FNBC Prod 2 007370 and 007371."

e.  The identification of the Collateral and the value thereof as of the date of First NBC's execution of the Purchase Agreement and at the present date.

f.  Any steps First NBC has taken to sell, liquidate, or foreclose upon the Collateral, the Thinkstream INC Collateral, the "Letters of Credit and Certificates of Deposit" described on Exhibit A to the Purchase Agreement, the "mortgages on real property" described on Exhibit A to the Purchase Agreement, and the Common Collateral referenced above.

g.  The "Criticized Asset Action Plan and Impairment Analysis" dated August 31, 2016 (marked for identification as "FNBC Prod 2 009987"), a copy of which is attached hereto as "Exhibit C", and in particular each item of "various LCs, CDs, a brokerage account, and real estate" described in the "Collateral and Evaluation" section thereof.

h.  With respect to the "Boarding Data Sheet" for the 2013 Note (marked for identification as "FNBC Prod 2 000173 through 000178"), a copy of which is attached hereto as "Exhibit B", the identification of the Certificates of Deposit listed on pages 2 through 5 thereof, whether they are in the possession of First NBC, whether they have been liquidated, and how the proceeds have been applied.

i.  The identification of each of the "21 Letters of Credit" described on page 5 of the "Boarding Data Sheet" attached hereto as "Exhibit B," whether they have been called or liquidated, and how the proceeds have been applied.

j.  With respect to the four "Vacant Lots" in Zee Zee Gardens described on page 5 of the "Boarding Data Sheet" attached hereto as "Exhibit B", the status of these lots, whether any of those Vacant Lots has been sold, liquidated or foreclosed upon by First NBC, the

date of the sale, liquidation or foreclosure, what the proceeds were, and how the proceeds were applied.

k. The identification of each and every item of the Bellue Collateral, whether any of the Bellue Collateral has been sold, liquidated or foreclosed upon by First NBC, the date of the sale, liquidation or foreclosure, what the proceeds were, and how the proceeds were applied.

l. An accounting for and current status of the "Escrow Account" established pursuant to the Purchase Agreement.

New Orleans, Louisiana, this 2nd day of March, 2017.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Amy L. McIntire (La. Bar No. 35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 2nd day of March 2017, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, email transmission, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2016-9532                    DIVISION "A"                    SECTION 15

THINKSTREAM ACQUISTION, LLC

VERSUS

FIRST NBC BANK

PRE-TRIAL SCHEDULING ORDER (DISCOVERY CUT-OFF DATES)

IT IS ORDERED by this court that all parties and all attorneys comply with the following:

1.   All parties have been served and answered as of the date of the pre-trial conference.

Yes/No

2.   No other cases are to be consolidated. NO

3.   This is a BENCH trial.  The trial of this matter will last 2 days.  If the case cannot reasonably be completed in this time, the court may discontinue the trial or may refuse to try the case.  Attorneys must be present and check in with the law clerk at 8:30 a.m.

4.   All Supplemental and Amended Petitions shall be filed no later than 90 days before trial.

5.   Plaintiff(s) shall employ all experts and disclose in writing the names and addresses of all witnesses including experts and impeachment witnesses as well as exhibit lists on or before JUNE 9, 2017.  Failure to disclose such witnesses will preclude their testimony except for good cause shown.

6.   Defendant(s) shall employ all experts and disclose in writing the names and addresses of all witnesses including experts and impeachment witnesses as well as exhibit lists on or before JULY 17, 2017.  Failure to disclose such witnesses will preclude their testimony except for good cause shown.

7.   All expert witnesses to be used in this case should be deposed so that the depositions may be used in the event a witness is unable to appear, or for use in accordance with La. C.C.P. Art 1450.

8.   Plaintiff(s) and Defendant(s) shall complete all discovery by AUGUST 11, 2017.

9.   ALL MOTIONS AND EXCEPTIONS MUST BE FILED AND HEARD 60 DAYS PRIOR TO THE TRIAL ON THE MERITS.

10.  Trial on the merit will be scheduled once ALL discovery is complete.  It is the duty of counsel to request that the matter be set for trial after completion of discovery by filing and serving a formal Motion To Set For Trial and corresponding order for the court to set a conference for the purpose of selecting a trial date.  The conference to set the trial date, shall be attended, in person, by all counsel of record or his/her (attorney) representative.

11.   If either party would like to have a settlement conference with the Judge, they must file a Motion requesting such conference.  A settlement conference will only be scheduled if a trial date has already been set.  Thereafter, all parties are required to submit Memoranda at least 48 hours prior to the settlement conference which shall contain the following:

    a.   A statement of undisputed facts and a formal stipulation of same.
    b.   A statement of disputed law applicable to the case.
    c.   A list of all exhibits to be used at trial indicating which are objected to and the specific reasons for the objection.
    d.   Appropriate quantum authorities

BECAUSE OF THE INCREASE IN THE NUMBER, COMPLEXITY AND LENGTH OF TRIALS, ESPECIALLY JURY TRIALS, THE FOLLOWING RULES, AS WELL AS THE ABOVE, ARE NECESSARY.  ALL DOCUMENTS REQUIRED ARE TO BE FILED IN DUPLICATE, ONE COPY TO THE CLERK OF COURT AND SECOND COPY DELIVERED TO THE JUDGE'S CHAMBERS THROUGH THE MINUTE CLERK OR LAW CLERK.

Signed this 21st day of MARCH 2017

(Sgd.) Tiffany Gautier Chase
Judge - Division "A"

_____
JUDGE TIFFANY GAUTIER CHASE

Accepted (please print):                                                    Phone#

Anthony Dunbar  #16765 Attorney for Plaintiffs (dunbar@chaffe.com) 504-585-7029

DeWayne Williams #27685 Attorney for Defendant (dwilliams@aarongianna.com)
504-569-1800

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

**Civil District Court for the Parish of Orleans**
**STATE OF LOUISIANA**

No.   2016 - 09532                                                          Section:   15 - A

THINKSTREAM ACQUISTION, LLC
versus
FIRST NBC BANK

Date Case Filed:   9/22/2016

NOTICE OF SIGNING OF JUDGMENT

TO:

Robert S Rooth Esq          11454
2300 Energy Centre
1100 Poydras Street
New Orleans          LA 70163-2301

Anna A Rainer Esq          31531
201 St. Charles Avenue, Suite 3800
New Orleans          LA 70170

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment
in the above entitled and numbered cause was signed on   April 11, 2017
New Orleans, Louisiana.
April 11, 2017

_____
MINUTE CLERK

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532                    DIVISION "A-15"          DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____          _____

                                          DEPUTY CLERK

JUDGMENT

This matter came on for hearing on the 4th day of April, 2017 on the *Motion to Quash 1442*

*Deposition of First NBC Bank and Request for Expedited Consideration* filed by Defendant First

NBC Bank.

PRESENT:     Robert S. Rooth (La. Bar. #11454)
             Counsel for Plaintiff, Thinkstream Acquisition, LLC

             Anna A. Rainer (La. Bar #31531)
             Counsel for Defendant, First NBC Bank

Considering the pleadings, memoranda, and exhibits submitted by the parties, the record,

the arguments of counsel, and the applicable law;

IT IS HEREBY ORDERED that the Motion to Quash filed by Defendant First NBC Bank

be and is hereby DENIED IN PART as to Topics A through J and Topic L in Thinkstream

Acquisition, LLC's Notice of Deposition of First NBC Bank.

IT IS FURTHER ORDERED that the Motion to Quash filed by Defendant First NBC

Bank be and is hereby GRANTED IN PART as to Topic K in Thinkstream Acquisition, LLC's

Notice of Deposition of First NBC Bank, and that for purposes of compliance with La. R.S. 6:333

in connection with Topic K, service on Barry L. Bellue, Sr. was perfected on March 21, 2017;

APR 1 1 2017

New Orleans, Louisiana this _____ day of _____, 2017.

_____
HONORABLE TIFFANY G. CHASE

TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
2903443-1   STATE OF LA

1

## CIVIL RULE 9.5 CERTIFICATE

Undersigned counsel for Plaintiff, Thinkstream Acquisition, LLC, certifies to this Court, pursuant to Louisiana District Court Rule 9.5, that the foregoing Judgment regarding the April 4, 2017 hearing on the on the *Motion to Quash 1442 Deposition of First NBC Bank and Request for Expedited Consideration* filed by Defendant First NBC Bank was provided to the bank's counsel, Anna A. Rainer, by email on April 4, 2017. On that same date, Ms. Rainer provided comments to the proposed Judgment and advised by email that her client does not object to the form of the proposed Judgment as revised and as submitted herewith.

Respectfully submitted:

Robert S. Rooth (La. Bar. #11454)
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
Loretta O. Hoskins (La. Bar #30558)
Amy L. McIntire (La. Bar #35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE ISSUE NOTICE OF JUDGMENT TO:

First NBC Bank, through its counsel of record:
ANNA A. RAINER (LSBA #31531)
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170

and to

Thinkstream Acquisition, LLC, through its counsel of record
Robert S. Rooth (La. Bar. #11454).
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300

2903443-1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                  DIVISION "A-15"              DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____    _____
                                          DEPUTY CLERK

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Plaintiff Thinkstream Acquisition LLC ("Thinkstream") initially filed a Motion to Compel Responses to Discovery on December 9, 2016, because Defendant First NBC Bank, had failed for more than two months to respond to Requests for Production of Documents. The first setting for hearing the Motion to Compel was January 7, 2017.

A few days before that hearing, First NBC delivered digital copies of several thousand pages of documents. Accordingly, Thinkstream filed an Unopposed Motion to Continue to afford time for a document review. The Court set a new date of March 3, 2017.

Based upon its review of the documents produced, Thinkstream served Interrogatories upon First NBC on February 9, 2017, and additionally drew First NBC's attention to the fact that certain of the requested documents had not been produced. Again, on the eve of the hearing, First NBC produced additional documents, and Thinkstream again filed an Unopposed Motion to Continue the Hearing so that it could review the new production. The Court again set a hearing date, this time for April 21, 2017.

Though it had supplemented its document production, First NBC did not respond at all to Thinkstream's Interrogatories which were served more than two months ago. The plaintiff is suffering economic hardship and damages as a result of its inability to move this suit forward to trial.

Accordingly, Plaintiff moves the Court for an Order compelling Defendant to fully respond to the Interrogatories, without objection. Plaintiff further prays that in the event Defendant files responses before the hearing date for this motion, and in the event that those responses are

incomplete or insufficient, the Court allow Plaintiff to further supplement its Motion to Compel and hear this motion on the date originally set by the Court.

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Loretta O. Hoskins (La. Bar No. 21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this ___17th___ day of April, 2017.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.    16-9532                  DIVISION "A-15 "            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____        _____

                                                DEPUTY CLERK

## RULE 10.1 CERTIFICATE OF CONFERENCE

Counsel for movant, Thinkstream Acquisition, LLC, and counsel for defendant, First NBC

Bank, have discussed the untimeliness of the responses to Interrogatories informally, but have been

unable, due to defendant's counsel's travel schedule, to conduct a telephone conference at any

point between April 13 and April 17, 2017. Plaintiff's counsel would welcome a substantive

discussion of every item presented to the Court in its motion and to seek to resolve the matters

presented.  Certified this ____17th____ day of April, 2017.

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Loretta O. Hoskins (La. Bar No. 21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone:  (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

3

**Civil District Court for the Parish of Orleans**
**STATE OF LOUISIANA**

No.  2016 - 09532                                                                                Section:   15 - A

THINKSTREAM ACQUISTION, LLC
versus
FIRST NBC BANK

Date Case Filed:   9/22/2016

NOTICE OF SIGNING OF JUDGMENT

TO:

Anthony P Dunbar Esq              16765
Ste 1100
1100 Poydras St
New Orleans          LA 70163

DeWayne L Williams Esq            27685
201 St Charles Ave
Ste 3800
New Orleans          LA 70170

In accordance with Article 1913 C.C.P., you are hereby notified that Judgment
in the above entitled and numbered cause was signed on     May 2 , 2017
New Orleans, Louisiana.
May 3 , 2017

MINUTE CLERK

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532                    DIVISION "A-15"                    DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____        _____
                                                    DEPUTY CLERK

## *Consent* JUDGMENT

This matter came on for hearing on the 21st day of April, 2017 on the *Motion to Compel Responses to Discovery* filed by Plaintiff Thinkstream Acquisition, LLC.

PRESENT:    Anthony P. Dunbar (La. Bar. #16765)
            Counsel for Plaintiff, Thinkstream Acquisition, LLC

            DeWayne Williams (La. Bar #27685)
            Counsel for Defendant, First NBC Bank

Considering the pleadings, memoranda, and stipulations of the parties, the arguments of counsel, and the applicable law;

**IT IS HEREBY ORDERED** that the Motion to Compel Responses to Discovery filed by Plaintiff Thinkstream Acquisition, LLC, be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant First NBC Bank is required to respond to the Plaintiff's First Interrogatories Propounded to First NBC Bank on February 9, 2017, on or before May 1, 2017.

                                    **MAY 0 2 2017**

New Orleans, Louisiana this _____ day of _____, 2017.


                        _____
                        HONORABLE TIFFANY G. CHASE



                        A TRUE COPY

                        _____
                        DEPUTY CLERK CIVIL DISTRICT COURT
                        PARISH OF ORLEANS
                        STATE OF LA

2903443-1                                   1

## CIVIL RULE 9.5 CERTIFICATE

Undersigned counsel for Plaintiff, Thinkstream Acquisition, LLC, certifies to this Court, pursuant to Louisiana District Court Rule 9.5, that the foregoing Judgment regarding the April 21, 2017 hearing on the on the *Motion to Compel Responses to Discovery* filed by Plaintiff Thinkstream Acquisition, LLC was provided to counsel for First NBC Bank, DeWayne Williams, by email on April 21, 2017. On that same date, Mr. Williams advised by email that his client does not object to the form of the proposed Judgment as submitted herewith.

Respectfully submitted:

Robert S. Rooth (La. Bar. #11454)
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
Loretta O. Hoskins (La. Bar #30558)
Amy L. McIntire (La. Bar #35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE ISSUE NOTICE OF JUDGMENT TO:

First NBC Bank, through its counsel of record:
DEWAYNE WILLIAMS (LSBA #27685)
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170

and to

Thinkstream Acquisition, LLC, through its counsel of record
Robert S. Rooth (La. Bar. #11454).
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300

2903443-1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                 DIVISION "A-15"              DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____

                                 DEPUTY CLERK

## MOTION TO ENFORCE THE COURT'S JUDGMENTS TO COMPEL RESPONSES TO DISCOVERY

Plaintiff, Thinkstream Acquisition, LLC ("Thinkstream"), respectfully moves this Honorable Court for an order compelling defendant, First NBC Bank, to comply with the Court's Judgments dated April 11, 2017, and May 2, 2017. In those Judgments, as more particularly described in the attached Memorandum in Support, the Court ordered the defendant, First NBC Bank, to submit to a corporate deposition pursuant to Article 1442 of the Louisiana Code of Civil Procedure and to respond, on or before May 3, 2017, to Thinkstreams's First Interrogatories propounded on February 9, 2017. First NBC Bank has failed to comply with either Judgment and, accordingly, Thinkstream moves this Court for an order requiring First NBC Bank, or the current holder of the Thinkstream note, to show cause, if any it has, on a date and time to be set by the Court why it should not be compelled to respond as ordered or to be sanctioned pursuant to Article 1471 of the Louisiana Code of Civil Procedure.

A supporting memorandum is attached.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Loretta O. Hoskins (La. Bar No. 30558)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon

all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed

and/or electronic transmission this _____ 9th _____ day of May, 2017.

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                    DIVISION "A-15"              DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____    _____
                                                    DEPUTY CLERK

RULE TO SHOW CAUSE

Considering the Motion to Enforce the Court's Judgments to Compel Responses to Discovery filed by Thinkstream Acquisition, LLC,

**IT IS HEREBY ORDERED** that Defendant, First NBC Bank or the current holder of the Thinkstream Acquisition, LLC note, show cause on the _____ day of _____, 2017, at _____ a.m. why Plaintiff's Motion to Enforce the Court's Judgments to Compel Responses to Discovery should not be granted.

New Orleans, Louisiana, this _____ day of _____, 2017.

_____
                    J U D G E

**PLEASE SERVE:**

First NBC Bank
Through its attorney of record,
William D. Aaron, Jr.
DeWayne L. Williams
Anna Rainer
201 St. Charles Avenue
Suite 3800
New Orleans, LA  70170

3

2921265-1
CDC 16-9532 A-15

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   16-9532                DIVISION "A-15"            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____   _____

DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE THE COURT'S JUDGMENTS TO COMPEL RESPONSES TO DISCOVERY

Beginning in 2016, plaintiff, Thinkstream Acquisition, LLC ("Thinkstream") has been trying to obtain responses from First NBC Bank ("First NBC") to requests for production of documents and interrogatories and to force First NBC to submit to a corporate deposition regarding the matters in dispute in this litigation. Despite informal extensions of time to respond and two motions to continue Thinkstream's motion to compel, two separate hearings have been required before the Court to compel responses from First NBC. Both have resulted in judgments compelling the requested discovery responses, but First NBC has failed to comply with either judgment.

### THE APRIL 11, 2017 JUDGMENT

In early February 2017, Thinkstream noticed the 1442 corporate deposition of First NBC. This deposition was continued at the request of First NBC and re-noticed for March 20, 2017. Shortly before that deposition, on March 14, 2017, First NBC moved to quash the deposition because it was to cover some topics relating to the bank's loans to Barry Bellue.

The matter came on for hearing on April 4, 2017, and the Court denied the defendant's motion to quash with respect to all topics related to the Thinkstream loan, but granted it with respect to the Bellue topics but only until Mr. Bellue's deadline for objecting to discovery regarding his loans had expired. A copy of that judgment is attached as Exhibit A.  That time for Bellue to object began to run on March 21, 2017, as determined by the Court, and expired on April 21, 2017 pursuant to the relevant statute. Thinkstream then again re-noticed the deposition for May

3, 2017 (a time convenient to First NBC's counsel and its witness). A copy of the notice of deposition is attached hereto as Exhibit B.

According to news reports, First NBC was placed in receivership on April 28, 2017, by the Federal Deposit Insurance Corporation ("FDIC"), which transferred certain assets of First NBC to Hancock Whitney Bank. Other assets of First NBC presumably remain with the FDIC as receiver.

On May 2, 2017, First NBC's counsel notified undersigned counsel that the May 3 deposition would not go forward. Neither the FDIC nor the bank has requested a stay of these proceedings. Thinkstream does not know whether the loan at issue has been retained by the FDIC or transferred to another bank. No request to substitute counsel or to enroll has been filed into the record.

Thinkstream is entitled to the relief already granted by the Court – to take the deposition of a representative of the lender on the topics outlined in Thinkstream's deposition notice pursuant to Article 1442 of the Code of Civil Procedure. Accordingly, plaintiff urges the Court to enforce its April 11, 2017 judgment and require one or more representatives of the lender to appear and testify on the topics set forth in the deposition notice.

<u>THE MAY 2, 2017 JUDGMENT</u>

Thinkstream first filed its Motion to Compel Discovery on December 9, 2016. After agreeing to two unopposed motions to continue the hearing, but having received no answers to its First Interrogatories, Thinkstream brought the matter on for hearing before the Court on April 21, 2017. Shortly before that hearing, First NBC agreed to a consent judgment that required it to respond to plaintiff's interrogatories on or before May 1, 2017. The Court granted the motion from the bench on April 21, and signed the judgment on May 2, 2017. A copy of this judgment is attached hereto as Exhibit C.

Again, First NBC failed to comply with the Court's order, citing the FDIC's reported takeover of the bank on the Friday before interrogatory responses were due. Again, no stay of these proceedings has been requested by or granted to the FDIC or the bank. Thinkstream does not know whether the loan at issue has been retained by the FDIC or transferred elsewhere. No request to substitute counsel or to enroll new counsel has been filed into the record. Thinkstream is entitled to the relief already granted by the Court, to obtain responses to its First Interrogatories so that this

2

proceeding may move forward pursuant to the Pre-Trial Scheduling Order already in place. Accordingly, plaintiff urges the Court to enforce its Judgments by ordering immediate and complete discovery responses from the lender.

Respectfully submitted,

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Loretta O. Hoskins (La. Bar No. 30558)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by email, telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this _____ day of May, 2017.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532            DIVISION "A-15"            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____

                                        _____
                                        DEPUTY CLERK

JUDGMENT

This matter came on for hearing on the 4th day of April, 2017 on the *Motion to Quash 1442 Deposition of First NBC Bank and Request for Expedited Consideration* filed by Defendant First NBC Bank.

PRESENT:   Robert S. Rooth (La. Bar. #11454)
           Counsel for Plaintiff, Thinkstream Acquisition, LLC

           Anna A. Rainer (La. Bar #31531)
           Counsel for Defendant, First NBC Bank

Considering the pleadings, memoranda, and exhibits submitted by the parties, the record, the arguments of counsel, and the applicable law;

IT IS HEREBY ORDERED that the Motion to Quash filed by Defendant First NBC Bank be and is hereby **DENIED IN PART** as to Topics A through J and Topic L in Thinkstream Acquisition, LLC's Notice of Deposition of First NBC Bank.

IT IS FURTHER ORDERED that the Motion to Quash filed by Defendant First NBC Bank be and is hereby **GRANTED IN PART** as to Topic K in Thinkstream Acquisition, LLC's Notice of Deposition of First NBC Bank, and that for purposes of compliance with La. R.S. 6:333 in connection with Topic K, service on Barry L. Bellue, Sr. was perfected on March 21, 2017;

New Orleans, Louisiana this _____11_____ day of _____April_____, 2017.

                                        _____
                                        HONORABLE TIFFANY G. CHASE

2903443-1                               1

EXHIBIT
A

## CIVIL RULE 9.5 CERTIFICATE

Undersigned counsel for Plaintiff, Thinkstream Acquisition, LLC, certifies to this Court, pursuant to Louisiana District Court Rule 9.5, that the foregoing Judgment regarding the April 4, 2017 hearing on the on the *Motion to Quash 1442 Deposition of First NBC Bank and Request for Expedited Consideration* filed by Defendant First NBC Bank was provided to the bank's counsel, Anna A. Rainer, by email on April 4, 2017. On that same date, Ms. Rainer provided comments to the proposed Judgment and advised by email that her client does not object to the form of the proposed Judgment as revised and as submitted herewith.

Respectfully submitted:

Robert S. Rooth (La. Bar. #11454)
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
Loretta O. Hoskins (La. Bar #30558)
Amy L. McIntire (La. Bar #35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE ISSUE NOTICE OF JUDGMENT TO:

First NBC Bank, through its counsel of record:
ANNA A. RAINER (LSBA #31531)
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170

and to

Thinkstream Acquisition, LLC, through its counsel of record
Robert S. Rooth (La. Bar. #11454).
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300

2

2903443-1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532          DIVISION "A-15"                DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED:_____     _____
                                    DEPUTY CLERK

NOTICE OF DEPOSITION PURSUANT TO ARTICLE 1442
OF THE LOUISIANA CODE OF CIVIL PROCEDURE

TO:   First NBC Bank
      Through its Counsel of Record:
      William D. Aaron, Jr.
      DeWayne L. Williams
      Anna A. Rainer
      Aaron & Gianna, PLC
      201 St. Charles Avenue
      Suite 3800
      New Orleans, LA 70170

     **PLEASE TAKE NOTICE** that undersigned counsel for Defendant Thinkstream

Acquisition, LLC, will take the corporate deposition of First NBC Bank (hereinafter "First

NBC") in accordance with article 1442 of the Louisiana Code of Civil Procedure, through one or

more officers, directors, or managing agents, or other persons who consent to testify on its behalf

concerning the matters listed with particularity herein.  This deposition of First NBC shall be

taken for all purposes permitted under the Louisiana Code of Civil Procedure on **May 3, 2017,**

beginning at 9:00 a.m. and continuing thereafter until complete, at the office of Aaron & Gianna,

PLC, 201 St. Charles Avenue, Suite 3800, New Orleans, Louisiana, 70170, before a duly

qualified court reporter or other person authorized by law to administer oaths, at which time and

place you are notified to appear and take part as you deem fit and proper.

     First NBC is called upon to designate and identify by name, in advance, one or more

officers, directors, agents, or other persons who consent to testify on its behalf with respect to the

matters listed below. First NBC is further called upon to make the person(s) so designated

available for deposition at the stated time and place and to specify for each person so designated


EXHIBIT
B

the matters about which that person will testify. In connection with this Notice of Deposition, the following definitions shall apply:

## DEFINITIONS

As used herein:

1. "First NBC" means and refers to First NBC Bank along with its officers, directors, members, employees, representatives and agents.

2. "Purchase Agreement" means and refers to that Loan Document Purchase Agreement dated as of December 15, 2015, by and between First NBC, as Seller, and Thinkstream LLC, as Purchaser, which has been previously produced by First NBC (marked for identification as "FNBC Prod 2 007369 through 007407").

3. "Thinkstream INC" means and refers to Thinkstream Incorporated, a Delaware corporation.

4. "Loan Documents" means and refers to the "Loan Documents" identified in the Purchase Agreement, to wit:

> (1)   Promissory Note in the amount of $4,549,332.35 dated March 22, 2013, executed by Thinkstream INC to the order of First NBC (the "2013 Note");
>
> (2)   Commercial Security Agreement dated March 22, 2013, executed by Thinkstream INC in favor of First NBC;
>
> (3)   Uniform Commercial Code filings executed by Thinkstream INC in favor of First NBC;
>
> (4)   Letters of Credit and Certificates of Deposit provided to First NBC as collateral for the loan to Thinkstream INC ("Letters of Credit and Certificates of Deposit");
>
> (5)   Any and all mortgages on real property granted as security for indebtedness conveyed herein.
>
> (6)   Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC ("Bellue Guaranty");
>
> (7)   The Loan Agreement by and between Thinkstream INC and First NBC with respect to Debtor in Possession Financing, executed pursuant to the Order of the United States Bankruptcy Court of the Middle District of Louisiana in In re Thinkstream Incorporated, Case Number 15-10553, Chapter 11, and that Promissory Note in the amount of $750,000.00 dated September 21, 2015 executed by Thinkstream INC in connection therewith ("Bankruptcy Note").

5. "Collateral" means any and all collateral held by First NBC at any time to secure the payment of the Thinkstream LLC Note.

6.   "Thinkstream INC Collateral" means any and all collateral held by First NBC at any time to secure the payment of the 2013 Note and the Bankruptcy Note referred to in the description of "Loan Documents" herein.

7.   "Common Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note and the Bellue Guaranty.

8.   "Bellue Note" means and refers to the indebtedness of Barry L. Bellue, Sr., to First NBC as evidenced by that promissory note dated January 27, 2015, in the original amount of $2,238,632.27.

9.   "Bellue Guaranty" means and refers to that Commercial Guaranty dated January 30, 2013, executed by Barry L. Bellue, Sr., in favor of First NBC with respect to all indebtedness of Thinkstream INC.

10.   "Bellue Collateral" means and refers to any and all collateral held by First NBC at any time to secure the payment of the Bellue Note.11. "Communication" means any transmittal of information of any kind, whether in the form of a document, letter, e-mail, note, message, or other form.

11.   "Thinkstream LLC Note" means and refers to a promissory note executed by Thinkstream LLC, payable to First NBC in the amount of $4,928,603.00, dated as of December 15, 2015.

12.   "And" and "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular interrogatory.

13.   Words shall be construed in the singular or plural form.

14.   The term "person" means any natural person, individual, corporation, firm, joint venture, partnership, proprietorship, association, organization, or any other business or legal entity or group of natural persons.

15.   The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa in order to give these requests the broadest scope.  All words and

phrases shall be construed as masculine, feminine, or neuter gender according to the context. "All" means "any" and vice versa.

16.   "Identify" or "Identifying" or "identification" with respect to persons, means:

a.        with respect to a natural person, the person's full name, present employer, title, job description, business and home address(es) and telephone number(s) and his/her/their relationship with First NBC Bank; and

b.        with respect to a person other than a natural person, including any business entity, the entity's name, type of legal entity, address (all business addresses), date and place of formation, and the entity's chief executive officer.

17.   "Identify" or "Identifying" or "identification" or "describe" or "describing" with respect to documents means:

a.        the full name of the person who prepared the document and his/her/their last known address(es);

b.        the full name of the person who signed the document and the person under whose name it was issued, and his/her/their last known address(es);

c.        the full name of each person to whom the document was addressed or distributed and his/her/their last known address(es); and

d.        the title or subject and the date of the document.

18.   "You" and "Your", whether or not capitalized, mean First NBC.


The matters at issue in the deposition of First NBC will be:

a.   Identification of the Thinkstream INC Collateral at the time First NBC executed the Purchase Agreement

b.   With respect to "Exhibit A" to the Purchase Agreement which has been marked for identification as "FNBC Prod 2 007381," a copy of which is attached hereto as "Exhibit A", identification of the "Letters of Credit and Certificates of Deposit" referred to therein

and the value thereof as of the date of First NBC's execution of the Purchase Agreement and at the present date.

c. With respect to "Exhibit A" to the Purchase Agreement, attached hereto as "Exhibit A," identification of the "mortgages on real property" referred to therein and the value thereof as of the date of First NBC's execution of the Purchase Agreement and at the present date.

d. The identification of the "Common Collateral" referred to on pages 2 and 3 of the Purchase Agreement, which pages have been marked for identification as "FNBC Prod 2 007370 and 007371."

e. The identification of the Collateral and the value thereof as of the date of First NBC's execution of the Purchase Agreement and at the present date.

f. Any steps First NBC has taken to sell, liquidate, or foreclose upon the Collateral, the Thinkstream INC Collateral, the "Letters of Credit and Certificates of Deposit" described on Exhibit A to the Purchase Agreement, the "mortgages on real property" described on Exhibit A to the Purchase Agreement, and the Common Collateral referenced above.

g. The "Criticized Asset Action Plan and Impairment Analysis" dated August 31, 2016 (marked for identification as "FNBC Prod 2 009987"), a copy of which is attached hereto as "Exhibit C", and in particular each item of "various LCs, CDs, a brokerage account, and real estate" described in the "Collateral and Evaluation" section thereof.

h. With respect to the "Boarding Data Sheet" for the 2013 Note (marked for identification as "FNBC Prod 2 000173 through 000178"), a copy of which is attached hereto as "Exhibit B", the identification of the Certificates of Deposit listed on pages 2 through 5 thereof, whether they are in the possession of First NBC, whether they have been liquidated, and how the proceeds have been applied.

i. The identification of each of the "21 Letters of Credit" described on page 5 of the "Boarding Data Sheet" attached hereto as "Exhibit B," whether they have been called or liquidated, and how the proceeds have been applied.

j. With respect to the four "Vacant Lots" in Zee Zee Gardens described on page 5 of the "Boarding Data Sheet" attached hereto as "Exhibit B", the status of these lots, whether any of those Vacant Lots has been sold, liquidated or foreclosed upon by First NBC, the

date of the sale, liquidation or foreclosure, what the proceeds were, and how the proceeds were applied.

k.  The identification of each and every item of the Bellue Collateral, whether any of the Bellue Collateral has been sold, liquidated or foreclosed upon by First NBC, the date of the sale, liquidation or foreclosure, what the proceeds were, and how the proceeds were applied.

l.  An accounting for and current status of the "Escrow Account" established pursuant to the Purchase Agreement.

m.  Any negotiations or discussions related to the Purchase Agreement and enforcement of its terms.

New Orleans, Louisiana, this _10th_ day of April, 2017.

Respectfully submitted:

Robert S. Rooth (La. Bar. No. 11454) T.A.
Anthony P. Dunbar (La. Bar No. 16765)
Peter J. Rotolo (La. Bar No.21848)
Loretta O. Hoskins (La. Bar No. 30558)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this _10th_ day of April 2017, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery, email transmission, facsimile, or by depositing the same in the United States mail, properly addressed, and first-class postage prepaid.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2016-9532                          DIVISION "A-15"            DOCKET NO.

THINKSTREAM ACQUISITION, LLC

VERSUS

FIRST NBC BANK

FILED: _____              _____
                                            DEPUTY CLERK

Consent JUDGMENT

This matter came on for hearing on the 21st day of April, 2017 on the *Motion to Compel*

*Responses to Discovery* filed by Plaintiff Thinkstream Acquisition, LLC.

PRESENT:    Anthony P. Dunbar (La. Bar. #16765)
            Counsel for Plaintiff, Thinkstream Acquisition, LLC

            DeWayne Williams (La. Bar #27685)
            Counsel for Defendant, First NBC Bank

Considering the pleadings, memoranda, and stipulations of the parties, the arguments of

counsel, and the applicable law;

**IT IS HEREBY ORDERED** that the Motion to Compel Responses to Discovery filed by

Plaintiff Thinkstream Acquisition, LLC, be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant First NBC Bank is required to respond to

the Plaintiff's First Interrogatories Propounded to First NBC Bank on February 9, 2017, on or

before May 1, 2017.                         MAY 02 2017

New Orleans, Louisiana this _____ day of _____, 2017.

HONORABLE TIFFANY G. CHASE

EXHIBIT
C

2903443-1                    1

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

## CIVIL RULE 9.5 CERTIFICATE

Undersigned counsel for Plaintiff, Thinkstream Acquisition, LLC, certifies to this Court, pursuant to Louisiana District Court Rule 9.5, that the foregoing Judgment regarding the April 21, 2017 hearing on the on the *Motion to Compel Responses to Discovery* filed by Plaintiff Thinkstream Acquisition, LLC was provided to counsel for First NBC Bank, DeWayne Williams, by email on April 21, 2017. On that same date, Mr. Williams advised by email that his client does not object to the form of the proposed Judgment as submitted herewith.

Respectfully submitted:

Robert S. Rooth (La. Bar. #11454)
Anthony P. Dunbar (La. Bar #16765)
Peter J. Rotolo (La. Bar #21848)
Loretta O. Hoskins (La. Bar #30558)
Amy L. McIntire (La. Bar #35241)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6088
E-mail: rooth@chaffe.com
*Attorneys for Thinkstream Acquisition, LLC*

PLEASE ISSUE NOTICE OF JUDGMENT TO:

First NBC Bank, through its counsel of record:
DEWAYNE WILLIAMS (LSBA #27685)
AARON & GIANNA, PLC
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170

and to

Thinkstream Acquisition, LLC, through its counsel of record
Robert S. Rooth (La. Bar. #11454)
Anthony P. Dunbar (La. Bar. #16765)
Peter J. Rotolo (La. Bar #21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2300

2903443-1