**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**THINKSTREAM ACQUISITION, LLC**                           **CIVIL ACTION**

**VERSUS**                                                                                         **NO. 17-4872**

**FIRST NBC BANK**                                                      **SECTION "B"(5)**

## ORDER

Before the Court is the "Federal Deposit Insurance Corporation's Motion to Stay Action Pending Exhaustion of Administrative Remedies." Rec. Doc. 7. The motion was set for submission on June 21, 2017. Pursuant to Local Rule 7.5, Plaintiff's memorandum in opposition was due on or before June 13, 2017. No memorandum in opposition has been filed. Further, no party filed a motion to continue the noticed submission date or a motion for an extension of time within which to oppose the motion.

On April 28, 2017, Defendant First NBC Bank was closed and the Federal Deposit Insurance Corporation ("FDIC") was confirmed as receiver. *See* Rec. Doc. 7-4. Under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), "[a]fter the appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed . . . 90 days . . . in any judicial proceeding to which such institution is or becomes a party." 12 U.S.C. § 1821(d)(12)(A)(ii). "Upon receipt of a request by any . . . receiver . . . for a stay of any judicial action or proceeding in

any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties." 12 U.S.C. § 1821(d)(12)(B) (emphasis added).

Here, the FDIC requests a stay of 180 days to allow the parties to exhaust the administrative remedies provided by the FIRREA. Rec. Doc. 7 at 1; *see also* 12 U.S.C. § 1821(d)(3)-(5). Because the administrative process may take 180 days, courts have recognized that "while a 180-day stay is not mandatory, 'such a stay *must be implied* to effectuate the purpose of the act.'" *Zaremba Grp., LLC v. FDIC*, No. 10-11245, 2010 WL 3805190, at *2 (E.D. Mich. Sept. 23, 2010) (quoting *Guar. Residential Lending, Inc. v. Homestead Mortg. Co.*, No. 04-74842, 2009 WL 5214877, at *2 (E.D. Mich. Dec. 28, 2009)) (citing *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1151-52 (1st Cir. 1992); *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 882 (5th Cir. 1992) ("Although FIRREA does not explicitly mandate exhaustion of administrative remedies before judicial intervention, the language of the statute and indicated congressional intent make clear that such is required")). Accordingly,

**IT IS ORDERED** that the motion to stay (Rec. Doc. 7) is **GRANTED**. The above-captioned matter is hereby **STAYED** for 180 days from the date of this Order or until this Court grants a motion to reopen, as described below.

**IT IS FURTHER ORDERED** that the above-captioned matter is **ADMINISTRATIVELY CLOSED,** for statistical purposes only, without prejudice to the parties' rights to reopen the case after 180 days or after the FDIC denies Plaintiff's claims for administrative relief, whichever occurs first.

**IT IS FURTHER ORDERED** that Plaintiff shall, within 180 days from date of this Order or thirty (30) days after the FDIC denies Plaintiff's claims for administrative relief, file either a motion to reopen the case and to set a preliminary conference or a motion to dismiss. **FAILURE TO TIMELY FILE SUCH MOTION MAY LEAD TO SANCTIONS, INCLUDING DISMISSAL, WITHOUT FURTHER NOTICE.** See FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this 26th day of June, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE